# Central Railroad & Banking Company v. Carr.

*Action by Passenger against Railroad Company, as Common Carrier, for Personal Injuries.*

1. *Foreign corporation; residence of, and transaction of business by.* A corporation chartered under the laws of Georgia necessarily has its residence there, and can not exercise any of its corporate faculties in Alabama except by comity, which is granted or withheld on such terms and conditions as may be prescribed.

2. *Railroad corporation chartered by two or more States; residence of.* When a railroad extends through two or more States, and is operated under a charter procured from each, identical in the powers and privileges conferred, the corporation is a unit, and has a legal residence in each of the States through which its road runs.

3. *Action against foreign corporation; lies when.*—The statutory provisions authorizing the service of process, in actions against corporations,

[Central Railroad & Banking Company v. Carr.]

on certain designated officers or agents, or, affidavit being made of their non-residence, on any white person in the employment of the corporation, or doing business for it (Code, §§ 2934-5), do not authorize suits against foreign corporations, except on causes of action originating here, or on contracts entered into with reference to a subject-matter within this State.

4. *Same.*—A passenger travelling on a railroad in Georgia, where he resided, between the cities of Macon, Georgia, and Eufaula, Alabama, can not maintain an action in the courts of Alabama, against the Georgia railroad company as a common carrier, for personal injuries sustained in Georgia.

5. *Same.*—Whether a railroad company, incorporated in Georgia, and extending its business into Alabama, can be here sued for a breach of contract to be performed partly in each State, is not decided.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. H. D. CLAYTON.

This action was brought by Miles B. Carr, against the "Central Railroad and Banking Company of Georgia," a corporation chartered and organized under the laws of Georgia, to recover damages for personal injuries sustained by plaintiff, on or about the 8th December, 1882, while travelling as a passenger on the defendant's railroad, at or near Georgetown, in Quitman county, Georgia; and was commenced on the 24th March, 1883. The complaint contained only a single count in case, which alleged that the defendant was, at the time the plaintiff was injured, operating its railroad in the capacity of a common carrier, and that the injury was caused by the negligence, carelessness and incompetency of its agents and servants in charge of the road and train. The defendant filed a plea in abatement to the jurisdiction of the court, alleging that it was a foreign corporation, having its residence and doing business in Georgia, and that the injury complained of happened in Georgia. To this plea there was a special replication, to which a demurrer was interposed; and the judgment-entry recites, that the demurrer to the replication was overruled, that the plea in abatement was thereupon overruled and quashed, and that the cause was tried on issue joined on the plea of not guilty. The averments of the plea in abatement, and of the replication thereto, are stated in the opinion of the court. The overruling of the demurrer to the replication, and the judgment quashing the plea in abatement, with other matters, are now assigned as error.

ARRINGTON & GRAHAM, and ROQUEMORE & SHORTER, for appellant, cited *Dyke v. Erie Railway Co.*, 45 N. Y. 113; *St. Clair v. Cox*, 16 Otto, 350; *Sawyer v. North Amer. Life Insurance Co.*, 46 Vermont, 697; *Bawkright v. London, &c., Insurance Co.*, 55 Geo. 195; *Osborne v. Shawmut Insurance Co.*, 51 Vermont, 278; *Smith v. Mutual L. Insurance Co.*,

[Central Railroad & Banking Company v. Carr.]

14 Allen, 336; *Camden Rolling Mills v. Swede Iron Co.*, 3 Vroom, N. J. 15; *Parker v. Com. Ins. Co.*, 44 Penn. St. 422; 12 Gratt. 658.

McKLEROY & COMER, *contra.*—Personal actions are transitory, and may be brought in any jurisdiction where the defendant is found. By express constitutional provision (Art. XIV, § 4), a foreign corporation " may be sued in any county where it does business, by service of process upon an agent any where in the State ;" and the statutory provisions regulating the service of process upon such corporations (Code, §§ 2934–5), which were strictly complied with in this case, were intended to give effect to this constitutional provision.—*Telegraph Co. v. Pleasants*, 44 Ala. 641 ; *Ex parte Schollenberger*, 96 U. S. 369.

STONE, C. J.—The appellant, defendant in the court below, was sued as a corporation ; and the complaint charges that it " was engaged in, and carrying on the business of a common carrier of goods and passengers for hire, and, as such common carrier, it controlled and operated a railroad for the carriage of goods and passengers for hire, between the city of Macon, in the State of Georgia, and the city of Eufaula, in the State of Alabama." Plaintiff then avers, that he purchased a ticket in the State of Georgia, and was travelling on said road in the direction of Eufaula, Alabama, and " while running along said railroad, and at a point near the depot or station of Georgetown, in the county of Quitman, and State of Georgia, was thrown violently from the track of said railroad," etc. The plaintiff charges acts of negligence on the part of the railroad, which acts of negligence, he avers, caused the derailment, and his consequent serious injury, for which he instituted this suit in Barbour county, Alabama.

The appellant railroad is a corporation under the laws of Georgia, and not under the laws of Alabama ; and Carr, plaintiff below, was at the time of the injury, and yet is, a resident of the State of Georgia. Plaintiff, through his attorney, made oath " that the president, or other head of the defendant corporation, and the secretary, or cashier, or managing agent of said corporation, all reside out of the State of Alabama." Summons issued, and was returned by the sheriff served, by leaving a copy " with Charles J. McLaughlin, a white person, in the employ of the Central Railroad and Banking Company of Georgia."—Code of 1879, § 2935.

Before pleading to the merits, the defendant corporation pleaded in abatement, that the Alabama court had no jurisdiction to hear and determine the cause. The special grounds

[Central Railroad & Banking Company v. Carr.]

set forth in the plea, on which it is claimed that the Alabama court is without jurisdiction, are, that the defendant railroad corporation was incorporated under the laws of Georgia, and not under the laws of Alabama; that the contract, under which plaintiff was being transported by defendant, was made in Georgia; that the injury of which plaintiff complained was suffered in Georgia; that, at the time, the said defendant was doing business under its said charter, in the State of Georgia; that when the summons and complaint were issued in this cause, and ever since, plaintiff was and has been a resident citizen of the State of Georgia, and not of the State of Alabama; and that the summons and complaint in this cause were never served on its president, or any of its managing agents. These averments were not denied; but, in avoidance of them, plaintiff replied, that "said defendant corporation is also engaged in business and doing business as a common carrier in the State of Alabama, and the county of Barbour, and it does business in this State and in Barbour county by its agents; and the very contract which defendant made with plaintiff, and for the failure to perform which contract, on account of defendant's negligence and breach of duty, this action arose, was a contract to transport the plaintiff from Ward's Station, in the State of Georgia, to Eufaula, in the State of Alabama, as a common carrier of passengers in both said States." The replication then avers, that affidavit was made of the non-residence of the corporation's officers, and that McLaughlin, on whom the summons and complaint were served, "was a white person in the employ of the defendant corporation in the county of Barbour and State of Alabama, at the time of the said service upon him." There was demurrer to this replication, which the Circuit Court overruled, thereby holding the replication sufficient.

There is a failure in the replication to set forth the extent of defendant's business in Alabama, and it is not shown in what manner it is conducted. If by railroad, there is no averment that it operates a line beyond the city of Eufaula. We know that Eufaula is in Alabama, and it is, perhaps, common knowledge that it is near the Chattahoochee river, the dividing line between Alabama and Georgia, at that place. It may, however, be conceded for the purpose of this cause, that the Montgomery & Eufaula railroad, eighty miles in length, and extending from one city to the other, is owned and operated by the defendant corporation, and that it is run in connection with, and in continuation of its own railroad, chartered by the State of Georgia. This being conceded, the Central Railroad and Banking Company of Georgia has no corporate faculties which it can exercise of right, beyond the boundary of its own State. One

State legislature can not confer corporate powers, to be exercised in another State. It is, as to Alabama, a foreign corporation, permitted to do and perform corporate functions within the latter's jurisdiction, only by comity; and that comity is granted or withheld, on just such terms and conditions as the granting State may impose.

The defendant corporation having been created and organized under the laws of the State of Georgia, the necessary consequence is, that its residence was in that State, and not in the State of Alabama. Its chief officers and business headquarters must be supposed to have been in Georgia, where it had and has authority to construct and operate its road, and exercise its corporate faculties. Hence it is that a copy of the summons and complaint, issued from an Alabama court, could not be delivered "to the president, or other head thereof, secretary, cashier, or other managing agent thereof," as is required when a corporation is sued in the State of its residence.—Code of 1876, § 2934. Hence it is that plaintiff could, as the statute requires, make oath "that the president, or other head of the defendant corporation, and the secretary and. cashier, or managing agent of said corporation, all reside out of the State of Alabama."—Code, § 2935.

It has come to be common and profitable to have long lines of continuous railroad transportation, often extending through or across several States, and controlled by one management. In such cases, there is usually one controlling railroad company, which purchases or leases others; and the result is, that the managing officers reside in one State, and control a road or roads extending into one or more additional States. . It is also sometimes the case, that a railroad, extending through two or more States, obtains a charter, identical in the powers and the privileges it confers, from each of the States through which it runs; thus constituting it one corporation. In the latter class of cases, the corporation is a unit, and whether sued in one of the jurisdictions or another, it can not raise the question as to its residence, or claim that it is non-resident. It has a common residence in each of the States which gave its concurring assent to its common charter of incorporation. The following cases fall within this latter class: *B. & O. R. R. Co. v. Gallahan*, 12 Grat. 655; *Railroad Co. v. Harris*, 12 Wall. 65. The present case does not fall within this class.

Like several other of the American States, Alabama has provided by statute for service of process, when non-resident corporations do business in this State through an agent, and in that other class, where the higher and managing officers of a corporation reside without the State. It is claimed for appellee, that the present suit is authorized by section 2935 of the

Code, the substance of which is given above. We have other statutes which provide for service of process, when non-resident corporations do business in this State. Section 1434 of the Code relates to fire-insurance companies, incorporated in other States, and taking risks in this. Section 1444 makes similar provision for foreign life-insurance companies doing business in this State.—See Constitution of Alabama, Art. 14, sec. 4.

In *W. U. Tel. Co. v. Pleasants*, 46 Ala. 641, the court held, that in case of a foreign corporation, doing business in this State through a managing agent, service of summons and complaint on such agent will give jurisdiction to our courts, of a cause of action which originated in this State. The same principle is declared in *Ex parte Schollenberger*, 96 U. S. 369; *Osborne v. Ins. Co.*, 51 Vt. 278. It is well settled, however, that no action *in personam* can be maintained against a foreign corporation, unless the contract sued on was made, or the injury complained of was suffered, in the State in which the action is brought.—*Bawknight v. L., L. & G. Ins. Co.*, 55 Ga. 194; *Sawyer v. Nor. Amer. Life Ins. Co.*, 46 Vt. 697; *Smith v. Mut. Life Ins. Co.*, 14 Allen, 386; *St. Clair v. Cox*, 106 U. S. 350; *Newe v. Gt. W. Railway Co. of Canada*, 19 Mich. 336; *Parke v. Com. Ins. Co.*, 44 Penn. St. 422.

In *Camden Rolling Mill Co. v. Swede Iron Co.*, 32 N. J. Law 15,—a case of suit against a foreign corporation, and service on an agent—the cause of action did not originate in the State of New Jersey. The court said: "It may be further observed, that the interpretation contended for in behalf of the plaintiff is one that could be judicially adopted only by force of the plainest manifestation of legislative intent. It would seem to be an improbable construction; for it is difficult to believe that it was the design to place within the jurisdiction of our courts all the corporations of the world, merely from the fact that a director, clerk, or other subordinate officer, happened to come upon the territory of the State."

We can not think that it was the intention of the legislature, in any of the statutes we have been considering, to allow foreign corporations to be sued in this State, except on causes of action originating in this State, or on contracts entered into in reference to a subject-matter within this State. To hold otherwise, would be to allow foreign corporations which transact business in Alabama, to be drawn into our courts, for the adjudication of every contract they may make, and of every tort and wrong they may be charged with committing, even in the State which gave them being. The demurrer to the replication ought to have been sustained, and the plea to the jurisdiction held good.

There is a possible question we have not considered, namely:

where a railroad, incorporated in one State, and extending its business into another, makes a contract to be partly performed in each State; and there is a suit for the breach of such contract. Nothing in this opinion is to be construed as deciding whether or not such suit can be maintained in the State in which the corporation is simply permitted to do business by comity. We decide nothing on this question, further than that the argument above does not reach such a case.

Reversed and remanded.