(February 7, 1920.)

## J. J. GRAY and R. F. BICKNELL, Appellants, v. OREGON SHORT LINE RAILROAD COMPANY, a Corporation, Respondent.

[187 Pac. 540.]

CARRIERS—NEGLIGENCE—DAMAGES.

1. The general duty resting upon the carrier of livestock, when received and loaded according to agreement, is to transport the shipment with all convenient dispatch, and with such suitable and sufficient means as it is required to provide in its business; that is to say, within a reasonable time.

2. What is reasonable time within which a shipment of livestock must be transported by a carrier to its destination is a question of fact in each case, the determination of which may be affected by the regular train schedules established by the carrying railroad.

3. Where loss in weight of livestock is claimed as a result of delay in starting a shipment which arrived at its destination within a reasonable time after loading, the burden is upon the shipper to show that upon its arrival at the point of destination it weighed less than it would have weighed if the delay had not occurred.

[As to burden of proof of negligence on part of carrier of livestock, see notes in 15 Ann. Cas. 35; Ann. Cas. 1913E, 311.]

APPEAL from the District Court of the Fourth Judicial District, for Blaine County. Hon. James R. Bothwell, Judge.

Action for damages. Judgment for defendant. *Affirmed.*

J. G. Hedrick, for Appellants.

It is the duty of a carrier to transport stock with as little delay as possible. The handling of the train is a matter within the power of the defendant. The shipper has no control over it. If his stock is injured as a result of negligent delay on the part of the carrier, he is entitled to reasonable compensation for such damages as he may sustain by reason of injury to his stock. (*Nelson v. Great Northern Ry. Co.,* 28 Mont. 297, 72 Pac. 642, 643.)

The carrier's liability commences at the moment when the shipper surrenders the entire custody of his goods and the carrier receives complete control over them for the purpose of shipment. (4 R. C. L. 688.)

The carrier could not be excused from its own negligence by any special contract. (*McIntosh v. Oregon R. R. & Nav. Co.*, 17 Ida. 100, 105 Pac. 66.)

Geo. H. Smith and H. B. Thompson, for Respondent.

The shipping contract expressly provided that the defendant was not bound to transport the lambs by any particular train, and this provision was valid and binding upon the parties. (*St. Louis & S. F. R. Co. v. Zickafoose*, 39 Okl. 302, 135 Pac. 406.) There was no legal duty to transport by one train as distinguished from another, and, indeed, if there had been an express agreement for such expedited service, it would have been void. (*Chicago & Alton R. Co. v. Kirby*, 225 U. S. 155, Ann. Cas. 1914A, 501, 32 Sup. Ct. 648, 56 L. ed. 1033, see, also, Rose's U. S. Notes.)

The only duty of the defendant was to maintain a reasonably regular service, and move the sheep out on the first regular train, and thereafter according to regular schedule to destination within reasonable time. (*Tiller & Smith v. Chicago. B. & Q. R. Co.*, 142 Iowa, 309, 120 N. W. 672; *Chicago & A. R. Co. v. Kirby, supra; Hickey v. Chicago, B. & Q. R. Co.*, 174 Mo. App. 408, 160 S. W. 24; *Siemonsma v. Chicago, M. & St. P. R. Co.*, 158 Iowa, 483, 139 N. W. 1077; *Pine Bros. v. Chicago, B. & Q. R. Co.*, 153 Iowa, 1, 133 N. W. 128, 39 L. R. A., N. S., 639; 4 R. C. L., p. 957.)

"To recover damages for a delay in the shipment of live-stock, the shipper must prove that the delay was caused by the negligence of the carrier, and mere proof of delay will not support an inference of negligence." (*Hickey v. Chicago, B. & Q. R. Co., supra.*)

RICE, J.—Appellants alleged that on July 3, 1915, they delivered to respondent 3,058 head of lambs for shipment to

Chicago, Ill.; that respondent did not promptly carry and deliver the property, but, on the contrary, negligently allowed the lambs to remain on board the cars at Hailey, Idaho, where they were loaded, in the hot sun, without food or drink, for a period of seven hours and ten minutes, thereby causing them to shrink in value and in weight, to the damage of appellants.

The court found that after appellants' sheep were loaded, they were held at Hailey until completion of loading seventeen cars of sheep belonging to other shippers destined to Chicago over the line of the railroad of respondent and connecting carriers, and that when all sheep destined for Chicago were loaded, they were immediately forwarded and promptly transported to destination, and arrived at the first feeding point and at their final destination as soon and in as good condition as if each consignment had been separately transported and forwarded as soon as the loading thereof was completed. The court also found that there is a normal shrinkage of sheep during transportation, but that there was no evidence that those in question shrunk in transit between the point of origin and point of destination in any amount in excess of the normal shrinkage. No damage is claimed other than that resulting from shrinkage in weight.

This action is founded on negligence.

The general duty which rested upon respondent is stated in the case of *St. Louis & S. F. R. Co. v. Zickafoose,* 39 Okl. 302, 135 Pac. 406, as follows:

"It was the duty of the carrier, after the livestock was received and loaded according to agreement, to transport them with all convenient dispatch with such suitable and sufficient means as it was required to provide in its business; that is to say, in a reasonable time."

What is a reasonable time is a question of fact in each particular case, the determination of which may be affected by the regular train schedules established by the carrying railroad. (*Bosley v. Baltimore & O. R. Co.,* 54 W. Va. 563, 46 S. E. 613, 66 L. R. A. 871; *Hickey v. Chicago, B. & Q. R. Co.,* 174 Mo. App. 408, 160 S. W. 24; *Tiller & Smith v. Chicago,*

*B. & Q. R. Co.*, 142 Iowa, 309, 120 N. W. 672; 10 C. J., p. 286, sec. 407.)

It is not contended in this case, however, that there was unusual delay in reaching the point of destination, but the delay of which complaint is made consisted in holding the stock on the cars at Hailey after loading, and before commencement of transportation. As to whether this delay was negligent, or otherwise, must depend upon the circumstances. The court found that the schedule of trains of respondent was such that if the sheep had been immediately moved from Hailey to the next junction point on the main line of respondent railroad they would not have moved forward from the junction point before the evening of that day. In other words, they would have been delayed at the junction point instead of at Hailey, the point of loading. Under the circumstances, it cannot be said as a matter of law that the delay complained of was negligent.

If there were doubt on the question of respondent's negligence, there is no doubt of appellants' failure to prove damages as the result of such negligence. The lambs were delivered for transportation to Chicago, but as a matter of fact they were diverted and delivered to the shipper at Omaha. The burden was upon the appellants to show that on account of being delayed on the cars at Hailey, the lambs weighed less upon their arrival at Omaha than they would have weighed had the delay not occurred. (*Richmond etc. R. Co. v. Trousdale*, 99 Ala. 389, 42 Am. St. 69, 13 So. 23; *Smith v. New Haven & N. R. Co.*, 12 Allen (Mass.), 531, 90 Am. Dec. 166; *Sisson v. Cleveland etc. R. Co.*, 14 Mich. 489, 90 Am. Dec. 252.) The court found that no evidence of abnormal shrinkage was furnished. From an examination of the record, the court was justified in so holding.

The judgment is affirmed. Costs awarded to respondent.

Morgan, C. J., and Budge, J., concur.