# Louisville & Nashville Railroad Co. v. Dooley.

## *Attachment and Garnishment against Non-Resident.*

1. *Attachment and garnishment on foreign debt.*—A debt due by a foreign corporation to one of its employees at the place of its domicile, not being within the jurisdiction of the courts of Alabama, can not be reached and subjected by a creditor here, by attachment against the non-resident debtor and garnishment against the corporation.

APPEAL from the City Court of Mobile.
Tried before the Hon. O. J. SEMMES.

GAYLORD B. CLARK & LEVERT CLARK, for the appellant, cited. *Brooklyn v. Insurance Co.*, 99 U. S. 362; *Pennoyer v. Neff*, 95 U. S. 714; *Insurance Co. v. Bangs*, 103 U. S. 435; *Hart v. Sansom*, 110 U. S. 156; *Heidritter v. Oil-cloth Co.*, 112 U. S. 295; *Cooper v. Reynolds*, 10 Wallace, 308; *Tingley v. Bateman*, 10 Mass. 343; *Bates v. Railroad Co.*, 60 Wisc. 296; 78 Ky. 250; *Railroad Co. v. Thornton*, 60 Geo. 300; *Wheat v. Railroad Co.*, 4 Kans. 370; *Lawrence v. Smith*, 45 N. H. 530; 1 Gray, Mass. 424; *Central R. R. & B. Co. v. Carr*, 76 Ala. 388; Waples on Attachment, 227; 21 Central Law Journal, 425.

C. H. LINDSEY, *contra*. (No brief on file.)

STONE, C. J.—Suit was brought in Mobile county, Alabama, by attachment, in favor of Jane Dooley, against Thomas Scheible, and the only service effected was a writ of garnishment claimed to have been served on the Louisville & Nashville Railroad Company. The service was in the following language: "Executed by leaving a copy with E. McCartney, July 7, 1885;" signed by the officer. McCartney filed an answer for the railroad corporation, in which he set forth "that, as agent of the Louisville & Nashville Railroad Company, he is [was] duly authorized to answer for them the garnishment" in the said cause. He stated in his answer, that the

[Louisville & Nashville Railroad Co. v. Dooley.]

Louisville & Nashville Railroad Company was a corporation deriving its powers from the State of Kentucky, and having its principal office in Louisville in that State; that Thomas Scheible, defendant in attachment, was a *bona fide* housekeeper, his family residing in Louisville, Kentucky; and that under the statutes of that State, "the wages of a *bona fide* housekeeper, having a family, is exempt from execution or levy for the payment of debts due by such householder." His answer further set forth that the Louisville & Nashville Railroad Company had employed Scheible to act for it as yard-master in Louisville, Kentucky, and that by such service the said railroad corporation had become and was indebted to him. This was the only indebtedness or liability the answer admitted. The garnishee claimed a discharge,.on the alleged ground that, under the facts disclosed, the said debt could not be reached and condemned by garnishment proceeding. The City Court gave judgment against the garnishee, on the answer, and the assignments of error question the authority and jurisdiction of the court to render that judgment.

In garnishment proceedings, where, as in this case, there is no contest, the answer must be taken as true; and unless it discloses a debt, such as can be condemned in garnishment, no money judgment can be rendered.—*Jones v. Crews*, 64 Ala. 368; *Henderson v. Ala. Gold Life Ins. Co.*, 72 Ala. 32; *Alexander v. Pollock*, *Ib.* 131 ; *Levisohn v. Wagoner*, 76 Ala. 412; *Nat. Com. Bank v. Miller*, 77 Ala. 168.

The record in this case does not disclose for what purpose, nor with what powers, McCartney was acting as the agent of the Louisville & Nashville Railroad Company. There is an entire absence of proof, and of averment, that the railroad company did any business, or had any business interests in the State of Alabama. Giving full effect to all the record discloses, it only shows that Jane Dooley, who is shown to have been a resident of Alabama, found within this State Earle McCartney, agent of the Louisville & Nashville Railroad Company, a foreign corporation, and attempted to attach a debt such corporation owed to a resident of the State of its domicile, by service of garnishment on such agent. It is manifest such proceeding is irregular, and without authority of law.—*Camden Rolling Mill Co. v. Swede Iron Co.*, 32 N. J. Law, 15 ; *Central Railroad v. Carr*, 76 Ala. 388. We prefer to decide this case on broader grounds.

Garnishment, like attachment, is a species of proceeding *in rem*. It acquires jurisdiction of the person *pro hoc vice*, by seizing his property, goods, or *choses* in action. If it can not acquire jurisdiction or control of the *res*, it needs must fail to acquire, through such *res*, jurisdiction of the person ; for juris-

[Parker v. Roswald & Stoll.]

diction of the person is acquired only through the *res*, or thing. The debt in this case was contracted in Kentucky, the labor performed in Kentucky, for a corporation, and by a laborer, each resident in the State of Kentucky. The *situs* of a debt, in the absence of stipulation to the contrary, is the domicile of the creditor. A court in Alabama can not obtain legal control of the *res*, or make any binding disposition of it; for process of attachment, under our statute, can not change rights of property situated without the State. Hence, if it had been shown that the Louisville & Nashville Railroad Company was doing business in the State of Alabama, by operating a railroad or railroads within its borders, this could not help the plaintiff in this suit. It could only have allowed process to be served on the corporation, by service "on a white person in the employ of, or doing business for such corporation."—Code of 1876, § 2935. And this mode of service can be resorted to, only on causes of action originating in this State, or on contracts entered into with reference to a subject-matter within this State.—*Central R. R. Co. v. Carr*, 76 Ala. 388. We hold that, situated as these parties were, the debt sought to be condemned by process of garnishment could not be subjected, first, because it could not be brought under the legal control of the court; and, second, because the statute has made no provision for serving process on a foreign corporation, to reach a debt such as this was and is.—*Tingley v. Bateman*, 10 Mass. 343; *Danforth v. Penney*, 3 Pick. 564; *Gold v. Housatonic Railroad Co.*, 1 Gray, 424; *Lawrence v. Smith*, 45 N. H. 533; *Western R. R. v. Thornton*, 60 Ga. 300; *Sutherland v. Second National Bank*, 78 Ky. 250; *Bates v. Railway Co.*, 60 Wis. 296; *Wheat v. Railroad Co.*, 4 Kans. 370; Waples on Att. 226-7.

The judgment of the City Court is reversed, and a judgment here rendered, discharging the garnishee. Let the costs of the suit, and the costs of appeal, be paid by appellee.