# Ala. Great Southern Railroad Co. v. Chumley.

### *Appeal Case from Justice's Court.*

1. *Garnishment against Alabama corporation, on judgment in Tennessee; payment as defense to subsequent action.*—In an action by an employé of an Alabama railroad corporation, whose road was also partly operated in Tennessee, to recover wages or compensation for work done here, plaintiff being then and still a resident of Alabama, a judgment rendered against the company in Tennessee, under a garnishment issued on a judgment there rendered against plaintiff on personal service, and payment thereof by the garnishee, constitute no defense, in the absence of evidence showing that, by the statutes of Tennessee the court there had acquired jurisdiction of the debt sought to be reached and subjected.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

The facts are sufficiently set forth in the opinion. The case was tried without the intervention of a jury; and upon the evidence as adduced, the judge rendered judgment for the plaintiff; and his ruling in this behalf is assigned as error on this appeal.

[Ala. Great Southern Railroad Co. v. Chumley.]

Wood & Wood, for appellant, cited *E. T., V. & G. R. R. Co. v. Kennedy*, 83 Ala. 462; *L. & N. R. R. Co. v. Dooley*, 78 Ala. 524; *Cen. R. R. & Bk. Co. v. Carr*, 76 Ala. 388; *Griel v. Loftin*, 65 Ala. 591; *Ware v. Roberson*, 18 Ala. 105; *Mills v. Stewart*, 12 Ala. 97; *Carson v. M. & C. R. R. Co.*, 88 Tenn. 648; *Daniels v. Rawlings*, 6 Humph. 403; *Holland v. R. R. Co.*, 16 Lea 414; 9 Lea 479; 5 Lea 604; *Phillips v. Thurber*, 56 Ga. 393; *West. R. R. Co. v. Thornton*, 60 Ga. 306; Code of Tenn., 1871, §§ 3099, 3493; Drake on Attachment, § 597; 8 Am. & Eng. Encyc. of Law, pp. 376, 382, 1097, 1104, 1131, 1149.

A. W. Cochran and J. M. Martin, *contra*, cited *E. T., V. & G. R. R. Co. v. Kennedy*, 83 Ala. 462; *Dooley's case*, 78 Ala. 524; *Carr's case*, 76 Ala. 389; *Green v. Gill*, 10 N. W. Rep. 119; *Irwin v. Schiff*, 12 N. W. Rep. 220; *Barry v. Schmidt*, 15 S. W. Rep. 24; 1 Greenl. Ev., § 505; 8 Am. & Eng. Encyc. of Law, pp. 1112, 1120.

CLOPTON, J.—Appellee having recovered judgment by default against appellant in a justice's court for wages due him, the case was removed by *certiorari* to the City Court. On the trial *de novo* in the City Court, appellant set up as defense, that H. B. Case sued plaintiff in a justice's court in Hamilton county, Tennessee, and recovered judgment August 16, 1884. Sundry executions having been issued, and returned "no property," a *pluries* execution was issued on the judgment, and placed in the hands of a regular constable, who duly garnisheed defendant. The company answered the garnishment, admitting indebtedness, and judgment was rendered against the company, which it was compelled to pay, and did pay into the justice's court in Tennessee, being the same debt and amount claimed by plaintiff in the present suit. The plea further avers, that all the proceedings were regular, and that according to the statute of Tennessee the judgment in the garnishment suit is conclusive between the company and plaintiff.

At the time the suit was brought by Case, plaintiff was residing in Hamilton county, Tennessee, and the process was personally served, whereby the court acquired jurisdiction of his person. The averments of the plea as to the suit, the rendition of judgment, the issue of executions, notice of garnishment, judgment thereon, and the payment of the money into court, are satisfactorily proved. It appears from the admission of counsel, that defendant is a corporation incorporated under the laws of Alabama, but running and

operating its railroad from Chattanooga, Tennessee, through Alabama, to Meridian, Mississippi, and that the claim of plaintiff is for work done for the company in Alabama, he being at the time, and still, a resident of this State.

The power of a State to subject foreign corporations to the same liabilities and duties imposed on like corporations of the State, including liability to be sued and served with process in the same manner, is not questioned. In *Cen. R. R. & B. Co. v. Carr*, 76 Ala. 388, it is said: "It is well settled, however, that no action *in personam* can be maintained against a foreign corporation, unless the contract sued on was made, or the injury complained of was suffered, in the State in which the action is brought." Garnishment is a species of proceeding *in rem*, in the nature of a sequestration of the debtor's effects. Unless the property is within the jurisdiction of the court issuing the garnishment, so that it may be seized, jurisdiction neither of the *res*, nor the person can be acquired. As a general rule, a person can not be subjected to garnishment by the courts of a State in which he may be temporarily, different from that of his domicil, unless he has property of the debtor in his possession, or owes him a debt payable in such State.—*Smith v. B. G. & M. R. R. Co.*, 33 N. H. 337; *Green v. Far. & Cit. Bk.*, 25 Conn. 452.

Several statutes of Tennessee, regulating proceedings of garnishment and service of process upon corporations, were introduced in evidence; but we fail to find among them any statute providing for service of process upon foreign corporations in garnishment suits. It may be, that the language is comprehensive enough to include proceedings by garnishment, when the property sought to be reached is in the jurisdiction of the State, though the garnishee may be a non-resident; but in the absence of evidence of any construction by the courts of Tennessee, we can not interpret the statutes as intending to place within the jurisdiction of the State, property which has no locality there. We have construed our own statute, providing for service of process when foreign corporations do business in this State through an agent, as not authorizing such corporations to be sued in this State, except on causes of action originating, or on contracts in reference to a subject-matter, within this State.—*Cen. R. R. & Bk. Co. v. Carr, supra*. There being no statutory provisions for service of process on foreign corporations, covering a claim such as made by the plaintiff, the case comes directly within the principle declared in *L. & N. R. R. Co. v. Dooley*, 78 Ala. 524. In that case, the debt was for labor done in Kentucky for a corporation, both the laborer and the corporation being residents of that State. It

[Watson v. Oxanna Land Co.]

was held, that the *situs* of the debt, there being no stipulation to the contrary, is the domicil of the creditor, and said:. " We hold that, situated as these parties were, the debt sought to be condemned by process of garnishment could not be subjected, first, because it could not be brought under the legal control of the court; and, second, because the statute has made no provision for serving process on a foreign corporation, to reach a debt such as this was and is." The case of the *East Tenn., Va. & Ga. R. R. Co. v. Kennedy*, 83 Ala. 462, does not conflict with this view. In that case, the garnisheed corporation, being incorporated by Tennessee, was domiciled in that State, and was as much within its jurisdiction for the purpose of being sued as a natural person, a resident of the State. The liability of the garnishee was not varied by the fact that the corporation operated its railroad in Alabama also, and that the debt was contracted in this State. The expression in the opinion, that " debts have no local *situs*," may be too general, but when taken in connection with the context, it is manifest no more was meant, than that they have no locality as to suability—that is, the action is not local.

Plaintiff being a resident of Alabama, and defendant an Alabama corporation, the debt, being contracted and payable in this State, could not be subjected by process of garnishment by a court of Tennessee. The judgment condemning the debt is not only not conclusive between the parties, but must be regarded as nugatory by the courts of this State. *Green v. Far. & Cit. Bk., supra.*

Affirmed.