ILLINOIS CENTRAL RAILROAD CO. *v.* ELIAS SMITH.

EXEMPT WAGES.   *Foreign garnishment.   Conflict of laws.*

The exemption under our statutes of a debt due a laborer, who is a citizen of this state, for work done here, cannot be defeated by garnishing the debtor, a railroad company, in another state, it having a line of railroad there, as well as in this state. Both debtor and creditor residing here, the court will give effect to our exemption laws, regardless of the laws of such other state.

FROM the circuit court of Pike county.
HON. W. P. CASSEDY, Judge.
The opinion sufficiently states the facts.

*S. E. Packwood,* for appellant.

The suit in Iowa having been first commenced, and having jurisdiction, takes precedence. The exemption laws do not concern us in this case. Appellant is sued as garnishee of plaintiff in another pending suit, and that suit should have the same effect as if pending here. Our courts will give the statute of Iowa the same effect as it has in that state. 7 Cranch, 481; 3 Wheat., 234; 17 Wall., 521.

*Mayes & Harris*, on the same side.

The pendency of a foreign attachment and garnishment is a good plea in abatement in a case like this. The defendant is not attempting to evade any exemption laws, nor to withhold any debt from its employe. It should not be made to suffer by paying twice.

*Price & Sternberger*, for appellee.

Our courts will not lend themselves to an interstate debt-collecting scheme, such as is here disclosed, to evade our exemption laws. The wages are payable here, and the *situs* of the debt must govern. Story on Conf. Laws, 549; 8 Am. & Eng. Enc. L., 1254; 3 *Ib.*, 523; Drake on Attach., §§ 478, 480.

WOODS, J., delivered the opinion of the court.

The appellee is a mechanic, the head of a family and a resident in this state. He is employed as such mechanic by appellant, in its shops at McComb City, in this state. The debt sued for is wages due from appellant to appellee under such employment. By the terms of the contract, made at said McComb City, the wages sued for were payable at that place, and amount to less than one hundred dollars. Under our law, these wages are exempt from garnishment or other legal process. The appellant is a corporation, doing business and resident in this state. We have, then, both creditor and debtor residents of this state; the sum sued for due under a contract made in this state, by the terms of which the wages are to be paid in the state; the creditor is a mechanic, the head of a family and entitled to the exemption of wages, to an amount not exceeding one hundred dollars, from garnishment or other legal process.

In bar of a recovery, or in abatement of this suit, appellant pleaded that it had been summoned in a court in the state of Iowa in an attachment-suit, began there against the appellee by one A. M. Dunkel, and had made answer, showing an in-

debtedness due appellee of $15, and that said suit in Iowa was yet pending and undetermined.

From the brief of the very candid and able counsel for appellant, we are led to believe that this is a collusive attachment-suit in Iowa, and that some Mississippi creditor, who cannot make the money due by Smith, the appellee, in our courts, because of our exemption laws, is really the plaintiff in attachment in Iowa. If this appeared in the record, we could affirm the judgment of the court below without remark, as we know of no court which has ever lent any countenance to such collusive effort to defeat the exemption laws of the state of residence of the real creditor and his debtor. In the absence of any evidence in the record on this point, we address ourself to the sufficiency of the plea of appellant, on general principles.

Will attachment lie in a foreign state for the debt sued for in this action, on the facts hereinbefore stated? There is some real conflict—and much confusion not reaching the proportions of actual conflict—in the decisions on the subject. Much of this confusion, and some of the conflict, has arisen out of a misapprehension of the real nature of the question. With a clear misapprehension of the character of the controversy, several of the courts of last resort in the United States have misled themselves and misled others by inveighing against supposed attempts to give extraterritorial effect to exemption laws. The suggestion that this is the question involved is wide of the mark. It is really this question: Shall the state give its exemption laws intraterritorial force, in cases like the one at bar? Shall railroad corporations, doing business and resident in this state, be regarded and treated, in this and like cases, just as natural persons? The natural person, resident in this state, is not garnishable in a foreign jurisdiction, for a debt due and payable here. This is declared, and advisedly, to be settled law in the United States, in *Bush* v. *Nance*, 61 Miss., 237. The appellant is a resident of this state, and the fact that it may also be a cor-

poration and resident in other states, may not operate to abrogate our exemption laws, founded in beneficent public policy, in so far as railroad corporations may be affected by them.

Furthermore, it is demonstrably certain that the *situs* of the debt sued for in this action is in Mississippi. The creditor and debtor are both resident here; the contract creating the debt was made here; by its terms, payment is to be made here; the garnishee in the foreign attachment proceeding is resident here. Can it be seriously contended that the courts of this state have not exclusive jurisdiction of the debt, and that the courts of other states are without jurisdiction, and that the sum disclosed by the garnishee, in a foreign attachment, as due in the state of his residence and the residence of his creditor is not liable to condemnation in such proceeding? In this case, the debt is not within the jurisdiction of the foreign court, but here, at the residence of the creditor and place of payment under the contract of its creation. *Louisville, etc., R. R.* v. *Dooley*, 78 Ala., 524; *Nye* v. *Liscomb*, 21 Rich., 263; *Lovejoy* v. *Albee*, 33 Me., 414; *Missouri, etc., R'y* v. *Sharitt*, 43 Kas., 375; *Drake* v. *Lake Shore R. R.*, 69 Mich., 168; *Green* v. *Bank*, 25 Conn., 452; *Sawyer* v. *Thompson*, 24 N. H., 510; *Lawrence* v. *Smith*, 45 N. H., 533; Reno on Non-residents, p. 152 *et seq.*

The numerous decisions which are cited and quoted as authority for the view opposed, beginning with the case of *Embree* v. *Hanna*, 5 Johns., 101, and running down as late as the case of *East Tenn., etc., R. R. Co.* v. *Kennedy*, 83 Ala., 462, will be found, on critical examination, to be, in the main, not in necessary conflict. with our view of the true doctrine.

We are not to suppose rashly that the courts of Iowa will proceed to judgment against the appellant, as garnishee in the attachment-suit there pending, on a full presentation of the facts of the case; but, if they shall, it will be another illustration of liability to hardship, now and then, to liti-

gants, growing out of conflict of laws in different jurisdictions. Better this hardship to a corporation having more than one domicile than a rule which would strip all laborers and mechanics in railway employment of the wise provisions of a humane exemption law, and, virtually, largely abrogate our policy and legislation on the subject of exemptions to heads of families in railroad service.

*Affirmed.*