# Louisville & Nashville Railroad Co. v. Nash.

*Action by Employe against a Railroad Company to recover for Work and Labor Done.*

1 *Jurisdiction of courts over debt due non-resident.*—The courts of a State have no jurisdiction in a garnishment proceeding, or in any other suit, over a debt due to a non-resident and payable without the State by suit, in the absence of personal service on the creditor within the State, or his voluntary appearance in the proceeding in which jurisdiction over such debt is sought to be exercised; the situs of the debt for the purpose of garnishment and for all other purposes, being at the domicil of the creditor and not that of the debtor.

2. *Same; debt of non-resident can not be condemned by garnishment.*—The courts of one State neither have, nor can acquire, jurisdiction to attach and condemn a debt due to a non-resident and payable in the State of his residence, by service of process on his debtor, as garnishee, in the absence of personal service within the State of suit on the creditor, or his voluntary appearance.

3. *Same; same; payment of judgment by garnishee no defense to subsequent action by its creditor.*—In an action by an employe of a railroad company, doing business in this State and in the State of Tennessee, to recover wages or compensation for work done here, plaintiff being then and still a resident of Alabama, a judgment rendered against the defendant company in Tennessee under a garnishment issued in a suit wherein the present plaintiff was defendant but was not personally served with notice thereof, and did not voluntarily appear, and the payment of such judgment by the garnishee, constitute no defense to the present action, although in the suit in Tennessee service may have been had on the present plaintiff by publication, in accordance with the laws of that State.

4. *Same; construction of provision of Constitution of United States.* The provision of the Constitution of the United States that "full faith and credit shall be given in each State to the public acts, records and judicial proceedings of every other State," (Const. of U. S. Art. IV, §1), is applicable only when the court rendering the judgment had jurisdiction of the parties and of the subject matter, and does not apply to a judgment rendered by the court of one State against a non-resident debtor in the absence of personal service upon him, within the State of the forum, or a voluntary appearance by such debtor.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This was an action brought by the appellee, Jim Nash, against the appellant, the Louisville & Nashville Railroad Company, to recover an amount alleged to be due the plaintiff from the defendant for labor done and services performed for the defendant.

The evidence for the plaintiff tended to show that he had been a resident citizen of Jefferson county, State of Alabama, all the year, 1895, up to the trial; that during the months of May and June, 1895, he had worked for the defendant in said county and State, and had earned the sum of $32 for such work; that the defend-

ant had never paid him any part of said $32; that the defendant was, during all of 1895, up to the trial, a corporation incorporated under the laws of the State of Kentucky, and was not incorporated under the laws of the State of Alabama, nor under the laws of the State of Tennessee.

The evidence of the defendant showed that, before the plaintiff commenced his suit, attachment proceedings were begun against plaintiff in the city of Memphis, State of Tennessee, in a court of a justice of the peace, on a debt due by him in said city of Memphis, and garnishment was issued in said Memphis attachment proceedings against defendant herein, and judgment rendered against the plaintiff who was defendant therein, and against defendant here, who was garnishee there; the judgments being each in the sum of $28.50. That defendant herein as garnishee in said Memphis proceedings, paid said judgment of $28.50 in said justice of the peace court. The said $28.50 was a part of said $32 which plaintiff herein had earned in said State of Alabama. The service upon the plaintiff herein in the Memphis proceedings was not by personal service, but by publication. The Memphis attachment and garnishment proceedings were according to the laws of the State of Tennessee, and in all things regular as to the requirements of the Tennessee laws. All the Memphis proceedings, judgments rendered, and the one against the defendant as garnishee paid, were had and done before plaintiff commenced his case at bar, but all without the consent of plaintiff herein, and without actual notice to him, and without any notice to him other than the making of publication as hereinbefore stated. The defendant operated lines of railway in the States of Alabama, Tennessee and Kentucky, and had agents, employes and officers, working and located in each of said States. The defendant further showed that service was had in the Memphis proceedings upon defendant herein, garnishee there, under sections 2831, 2832, 2833, 2834 and 2834a, of the Code of the State of Tennessee, which sections were introduced in evidence by defendant.

The cause was tried by the court without the intervention of a jury; and upon the hearing of all the evi-

dence the court rendered judgment in favor of the plaintiff for the sum of $32.90, and costs. To the rendition of this judgment the defendant duly excepted. The defendant appeals, and assigns as error the rendition of the judgment in favor of the plaintiff.

THOS. G. JONES, for appellant.—Every sovereignty has the undoubted right to prescribe how non-residents may be sued, and while a State can not provide that a judgment in its courts shall have extra-territorial effect when personal notice and service does not precede the judgment, yet its laws may fix the status of the thing seized in its jurisdiction, and judgment or condemnation under these laws of that particular thing, is binding everywhere; though the judgment not being had on personal service may be worthless in all other respects in other jurisdictions. The Tennessee court undoubtedly obtained jurisdiction of the *res* by garnishment in that State.—*Pennoyer v. Neff*, 95 U. S. 719; 22 A. & E. Encyc. of L aw, 139; *Black v. Williams*, 6 Pickering 285.

The payment of the judgment rendered against the defendant in the present case as garnishee in the suit in Tennessee is a complete defense to the action.—*Embry v. Hannah*, 1 Johns. Chan. 101; *Holland v. R. R. Co.*, 16 Lea. (Tenn.) 414; *Mobile R. R. Co. v. Barnhill,* 50 Amer. & Eng. R. R. Cas. 646; *Morgan v. Neville,* 74 Pa. St. 52; *Eichelberger v. R. R. Co.*, 9 Amer. & Eng. R. R. Cas. 159; *Harvey v. R. R. Co.*, 50 Minn. 405; Drake on Attachments, §700.

The confusion in the authorities on this subject results from applying the rules for determining the *situs* for the purposes of *taxation* to questions of *situs* for purposes of *jurisdiction* in the courts. Nash, in no just sense, can ever be said to have had possession of the debt sought to be attached in this case. If the money due him was in his possession the debt was extinguished. The *res* was in the possession of the railroad company. Its *situs* was where the debtor was and the *situs* of the *res* followed the person of the railroad, not that of Nash. If the railroad company can be lawfully sued in Tennessee (and its statutes and decisions show that it could) it is difficult to see how a judgment in the garnishment proceedings in Tennessee on personal ser-

vice against the railroad should not bind the *res*, or debt. The *situs* of the debt was in Tennessee whenever the railroad company was there. Full faith and credit as required by the Constitution of the United States is not given to the Tennessee judgment, if it is not a protection to the appellant. The rules adopted by the several courts on this question are largely shaped by considerations of public policy to effect justice. The appellant in this case could not prevent judgment in the Tennessee suit, and an appeal from it would have been fruitless under the decisions in Tennessee.—*Mobile R. R. Co. v. Barnhill,* 50 Amer. & Eng. R. R. Cas. 649; *Pomeroy v. Rand,* 157 Ill. 176; *Ins. Co. v. Chambers,* 53 N. J. Eq. 468; 32 Atl. Rep. 663; *Railroad Co. v. Walker,* 9 Lea (Tenn.) 480; *Neufelder v. Ins. Co.,* 33 Pac. Rep. 870; *Wyeth v. Hardware Co.,* 54 Mo. App. 147; *Holland v. Railroad Co.* 16 Lea. (Tenn.) 418; *Railroad Co. v. Crane,* 102 Ala. 249; *Manfg. Co. v. Long,* 127 Mo. 242.

S. L. WEAVER, *contra,* cited *L. & N. R. R. Co. v. Dooley,* 78 Ala. 524; *A. G. S. R. R. Co. v. Chumley,* 92 Ala. 317; *Cen. R. R. & B. Co. v. Carr,* 76 Ala. 388; *Ind. Pub. Co. v. Amer. Press Asso.,* 102 Ala. 490.

BRICKELL, C. J.—The appellee, a resident of this State, and an employe of appellant, brought this action against appellant, the Louisville & Nashville Railroad Co., a corporation organized under the laws of the State of Kentucky, and doing business in that State and also in Alabama and Tennessee, to recover the amount of wages earned and due him for work and labor done here for appellant. In defense of the action appellant set up the payment by it, previously to the commencement of this suit, of a judgment rendered against it in a justice's court in the State of Tennessee in an attachment suit, founded on a debt due in Tennessee, wherein appellee was defendant, and appellant was summoned to answer as garnishee. Appellee was a resident of Alabama at the time of the commencement, and during the pendency, of said attachment suit, was not personally served with notice thereof, had no actual notice, and did not voluntarily appear, but service was had on him

by publication in accordance with the laws of Tennessee. The questions presented by this appeal are, therefore, first, whether the courts of one State have, or can acquire, jurisdiction to attach and condemn a debt due to a non-resident and payable in the State of his residence, by service of process on his debtor as garnishee, in the absence of personal service within the State of suit on the creditor, or his voluntary appearance; and, second, whether, if such courts are without jurisdiction for this purpose, the payment by the garnishee of a judgment rendered against him as garnishee under such circumstances will constitute any defense to a subsequent suit by his creditor to recover the debt.

The case presented is ruled, with respect to both questions, by the cases of *L. & N. R. R. Co. v. Dooley,* 78 Ala. 524, and *A. G. S. R. R. Co. v. Chumley,* 92 Ala. 317. In the former case it was held that a debt due by a foreign corporation to an employe in the State of its creation, although it was doing business in this State also, could not be subjected by a creditor in this State by attachment against the non-resident creditor and garnishment against the corporation. In the latter, we decided that the payment by a railroad corporation created by the laws of this State, but doing business also in Tennessee, of a judgment rendered against it in Tennessee under a garnishment issued on a judgment recovered in that State against an employe resident in this State, was no defense to an action by the employe to recover the wages due him for work done in this State, in the absence of evidence showing that, by the statutes of Tennessee, the court had acquired jurisdiction of the debt sought to be reached and subjected. In both of the above cases, it was expressly decided, that the *situs* of a debt for the purpose of garnishment is at the domicil of the creditor, and not that of the debtor. And this fact is the true foundation for the proposition, that a State has no jurisdiction over a debt due to a non-resident and payable without the State of suit, in the absence of personal service on the creditor within the State, or his voluntary appearance in a proceeding, in which jurisdiction over it is sought to be exercised. If it be conceded that a debt due by a resident of, or a corporation doing business in, one State to a resident in another State, is not

property within the State of the debtor's residence, no
legislation by the latter State can give it a *situs* there
for the purpose of enabling its citizens, or other persons
resorting to its courts, to subject it to the payment of
claims against the creditor by garnishing the person or
corporation from whom it is due.   If it has no *situs*
within the debtor's State, in the absence of legislation,
any legislation attempting to give it such *situs*, or to
prescribe the manner of service on either the debtor or
the non-resident creditor, by which jurisdiction over it
may be acquired, unless by personal service on the cred-
itor within the State, or his voluntary appearance,
would be as nugatory and ineffectual to dispose of the
creditor's property in the debt, as would be legislation
attempting to acquire jurisdiction over tangible prop-
erty situated without the State.   The subject matter of
such legislation, namely, the property over which it is
attempted to acquire jurisdiction, is entirely beyond
the power and control of the State.   In the view we
take of the question, the condemnation of a debt due to
a non-resident, without personal service within the
State of suit on the defendant, or owner of the debt, or
his voluntary appearance, is without due process of law,
and it seems manifest that a State cannot make that
due process of law which is not such.—*Martic v. Cen-
tral Vermont R. Co.,* 50 Hun. 347, 3 N. Y. Supp. 82.   It
is immaterial also, under this concession, whether the
corporation garnishee, if the garnishee be a corpora-
tion, is one created by the laws of the State where the
debt is sought to be condemned, or is a foreign corpora-
tion doing business therein by permission of the State.
The question is not one of jurisdiction over the gar-
nishee, but one of jurisdiction over property situated
without the State, and, through the seizure of such
property, over the owner thereof.

   The right of a State to inquire into the obligations
of a non-resident, and its jurisdiction to attach his prop-
erty to answer for such obligations, is founded solely
on the fact that each State has exclusive control and
jurisdiction over the property situated within its terri-
torial limits, and the inquiry can be carried only to the
extent necessary to control the disposition of such prop-
erty.   If there be no personal service on the defendant

or owner of the property, or appearance by him, the jurisdiction cannot extend beyond binding the property attached or effects garnished. Consequently, if the non-resident has no property within the State, and there has been no personal service on him within the State, or voluntary appearance by him, there is nothing upon which its tribunals can adjudicate; and any judgment rendered under such circumstances whether affecting the person only, or the property also, would be void for want of jurisdiction of the person and of the subject matter.—*Exchange Nat. Bank v. Clement*, 109 Ala. 280; *Pennoyer v. Neff*, 95 U. S. 714; *St. Clair v. Cox*, 106 U. S. 350; *Freeman v. Alderson*, 119 U. S. 185. It was held in *Pennoyer v. Neff*, supra, that in a suit on a money demand against a non-resident, substituted service of process by publication is effectual only where, in connection with process against the person for the commencement of the action, property within the State is brought under the control of the court, and subjected to its deposition by process adapted to that purpose, or where the judgment is sought as a means of reaching said property, or affecting some interest therein and that a judgment by default against a non-resident upon such service only, no property of the defendant within the State having been seized prior to the rendition of the judgment, was without due process of law and void; and the title of defendant to property within the State sold under execution issued on such judgment was not divested by such sale, notwithstanding the statutes of the State of suit authorized service in this manner upon a non-resident, and attempted to protect the title of a purchaser in good faith of property sold under execution issued on such judgment. In the opinion by Mr. Justice FIELD it is said: "No State can exercise direct jurisdiction and authority over persons or property without its territory. The several States are of equal dignity and authority, and the independence of one implies the exclusion of power from all others. And so it has been laid down by jurists as an elementary principle, that the laws of one State have no operation outside of its territory, except so far as is allowed by comity; and that no tribunal established by it can extend its process beyond that territory so as to subject either per-

sons or property to its decisions. 'And any exertion of authority of this sort beyond this limit,' says Story, 'is a mere nullity and incapable of binding such persons or property in any other tribunals.' " This decision, involving as it did a construction of the fourteenth amendment of the Federal Constitution, and its effects on judgments rendered against non-residents without personal service or voluntary appearance, and without a preliminary seizure of property of the defendant within the State of suit, is binding upon, and must be followed by, the courts of the several States. It necessarily results from the principles declared therein that if the *situs* of a debt for the purpose of garnishment be at the domicil of the creditor, and the debt be not property within the garnishee State, any judgment rendered against the creditor, as well as any judgment the effect of which is, on its face, to discharge the debt due to the non-resident by requiring the debtor, the garnishee, to pay it to the non-resident's creditor, is without due process of law and void, unless there was personal service on the defendant within the State, or a voluntary appearance by him. It necessarily follows, also, that the payment of such judgment by the garnishee is no protection to him in a subsequent suit by his creditor to recover the debt, and that any legislation by the garnishee State attempting to acquire jurisdiction over the debt, by declaring it to be property within its limits, subject to seizure by service of process on the garnishee and service by publication on the non-resident defendant, "is a mere nullity, and incapable of binding such persons or property in any other tribunals."

Any attempt to reconcile the conflicting authorities on the question of the *situs* of a debt for the purpose of garnishment, would be vain, but analogy, as well as reason and justice to the creditor, would seem to fix it at the domicil of the creditor, and forbid its seizure, or any change in the ownership thereof, by the law or procedure of any other State. It is now well settled that a debt due by an insolvent to a non-resident is property within the creditor's State, and that no law or decree of the debtor's State discharging his debts can operate to discharge the debt due to the non-resident.—*Brown v. Smart*, 145 U. S. 454; *Denny v. Bennett*, 128 U. S.

489; *Pattee v. Paige,* 163 Mass. 352; *Phoenix Nat. Bank v. Batcheller,* 151 Mass. 589; *Wilson v. Matthews,* 32 Ala. 345. It is equally well settled that for the purpose of taxation, a debt has its situs at the domicil of the creditor.—*State Tax on Foreign-held Bonds,* 15 Wall (U. S.) 300; *Kirtland v. Hotchkiss,* 100 U. S. 491; *In re Bronson,* 150 N. Y. 1; *State v. Ross,* 23 N. J. L. 517; *Boyd v. Selma,* 96 Ala. 150. In the opinion of the *State Tax Case,* it was said: "But debts owing by a corporation, like debts owing by individuals, are not property of the debtors in any sense; they are obligations of the debtors; and only possess value in the hands of the creditors. With them are property, and in their hands they may be taxed. To call debts property of the debtors, is simply to misuse terms. All the property there can be in the nature of things in the debts of corporations belongs to the creditors to whom they are payable, and follows their domicil, whatever they may be. Their debts can have no locality separate from the parties to whom they are due." We are unable to perceive any sound reason for giving to a debt a different *situs* for the purpose of garnishment, and none, satisfactory to us, has been offered by those decisions which give it a different *situs* for this purpose only. If a debt due to a non-resident cannot be discharged by an insolvency law or decree of the debtor's State, because of a want of jurisdiction over the creditor and the debt, a like reason should forbid its discharge by garnishment proceedings. Those courts which adhere to the contrary view, are not themselves in accord as to the theory upon which they can acquire jurisdiction over such debts. In some it is held that for the purpose of garnishment a State has the power to fix the *situs* of a debt at the domicil of the debtor, although the creditor be a non-resident—*Williams v. Ingersoll,* 89 N. Y. 508; *Douglass v. Phenix Ins. Co.,* 138 N. Y. 209; *Bragg v. Gaynor,* 85 Wis. 468. As we have seen above, the exercise of such power would be a nullity in its effect upon the person of a non-resident or the debt due him. Others hold that the *situs* of a debt is wherever a suit may be maintained to recover it.—*Harvey v. Great North. R. Co.* 50 Minn. 406; *Wyeth Co. v. Lang,* 127 Mo. 242. As a general proposition this, as we have seen, is incorrect, and as

limited and applied to garnishments only, it seems to us, merely an arbitrary distinction. Moreover, if its *situs* is in the State of the debtor only by reason of the fact that a suit to recover it may there be maintained, a debt due by a foreign corporation doing business in a State other than that of its creation to a non-resident of such State, could not be reached by a garnishment sued out in the State, in the absence of a statute expressly authorizing it to be sued therein on a cause of action arising without the State; for it is well settled, as a general rule, that no action *in personam* can be maintained against a foreign corporation, unless the contract sued on was made or was to be performed, or the injury complained of was suffered, in the State in which the action is brought.—*Central R. R. & B. Co. v. Carr*, 76 Ala. 388; *St. Clair v. Cox*, 106 U. S. 350. And it has been expressly held that a non-resident creditor of a corporation, cannot have his property in a debt seized in a State to which the corporation may resort merely for the purpose of doing business through its agents, when the claim arose on a contract not to be performed within the State of suit.—*Reimers v. Seatco Mfg. Co.*, 70 Fed. Rep. 573; *Douglass v. Phenix Ins. Co.*, 138 N. Y. 209. We prefer to adhere to the principle upon which our former cases were decided, that the *situs* of a debt is at the domicil of the creditor for the purpose of garnishment as well as for other purposes. *L. & N. R. R. Co. v. Dooley*, 78 Ala. 524; *A. G. S. R. R. Co. v. Chumley*, 92 Ala. 317; Reno on Non-residents, §138 *et seq.; Illinois Cent. R. Co. v. Smith*, 70 Miss. 344; s. c. 19 L. R. A. 577, and notes; *Central Trust Co. v. Chattanooga &c. Co.*, 68 Fed. Rep. 685; *Missouri Pac. R. Co. v. Sharitt*, 43 Kan. 375; *Renier v. Hurlbut*, 81 Wis. 24. Adhering to this respect to the *situs* of the debt due from appellant to appellee, we are constrained by the decisions of the Supreme Court of the United States, cited above, to hold that the judgment of the Tennessee court, operating as it did, on its face, to condemn and divest appellee's property in the debt over which it had not acquired jurisdiction by personal service within the State on appellee, or by his voluntary appearance, was without due process of law and absolutely void for want of jurisdiction of the *res,* the debt, or of the person of

[Corey v. Wadsworth *et al.*]

its owner. To such judgments the Constitution of the United States does not require that any faith and credit be given; the constitutional provision that "full faith and credit shall be given in each State to the public acts, records and judicial proceedings of every other State," and the act of Congress providing for the mode of authenticating such acts, records and proceedings, being now construed as applicable "only when the court rendering the judgment had jurisdiction of the parties and of the subject matter, and not to preclude an inquiry into the jurisdiction of the court in which the judgment was rendered, or the right of the State itself to exercise authority over the person or the subject matter."—*Pennoyer v. Neff*, 95 U. S. 714, *supra*.

We find no error in the judgment of the city court, and it must be affirmed.