[Louisville & Nashville Railroad Company v. Steiner & Lobman.]

otherwise infected it. We must, therefore, decline to consider it further.—*M. J. & K. C. R. R. Co. v. Owen,* 27 So. Rep. 612.

We have not deemed it necessary to notice in detail the many assignments of error since the principles announced by us involve the adjudication of all of them against the appellant. There is no error in the record, and the judgment is affirmed.

# Louisville & Nashville Railroad Company *v.* Steiner & Lobman.

*Garnishment in Aid of Attachment.*

1. *Garnishment; debt due by foreign corporation not made nor to be performed in this State; voluntary appearance of debtor.*—Garnishment is a proceeding *in rem* and the courts of this State have no jurisdiction to subject by such process a debt due by a foreign corporation when the same was not contracted nor to be performed here, even though the debtor of plaintiff and creditor of the garnishee, being a non-resident, voluntarily appears in the cause, since the court has no jurisdiction of the debt which is the subject-matter of the proceeding.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

Appellees instituted an attachment proceeding against Forrester & Sons, who were non-residents of this State, and sought to subject by garnishment against the appellant a debt due by it to the defendants in attachment. The garnishee answered that it was a foreign corporation and was indebted to the defendants, who were residents of the State of Florida, upon a contract made and to be performed in that State. The answer also alleged that garnishment proceedings had been instituted and served upon appellant in the courts of Florida to subject the same indebtedness and prayed the judgment of the court as to whether it had

jurisdiction to subject said indebtedness. After the service of the garnishment defendants accepted service of the notice of the attachment and voluntarily appeared in said cause and judgment *nil dicit* was rendered against them in favor of the appellees.

On motion of the plaintiffs judgment was also rendered against the garnishee. From this judgment the garnishee appeals, and assigns the same for error.

THOS. G. & CHAS. P. JONES and MARKS & SAYRE, for appellant, cited *L. & N. R. R. Co. v. Dooley*, 75 Ala. 524; *L. & N. R. R. Co. v. Nash*, 118 Ala. 477; *Chicago, etc., R. R. Co. v. Sturm*, 174 U. S. 715.

LOMAX, CRUM & WEIL, *contra*.

SHARPE, J.—In *L. & N. R. R. Co. v. Dooley*, 78 Ala. 524, this court held that a debt due by a foreign corporation which was neither made nor in any part to be performed in this State was not subject to garnishment here. The ground of the decision was, primarily, that the suit was in the nature of a proceeding *in rem*, and the court lacked power to reach and subject the debt or to make any binding disposition of it. For this reason it was further considered that the court could not by virtue of garnishment process in such case acquire jurisdiction to render judgment against the defendant in the original suit, who was a nonresident and was not otherwise served. The doctrine so declared has been ever since adhered to.—*Ala. Gt. Sou. R. R. Co. v. Chumley*, 92 Ala. 317; *L. & N. R. R. Co. v. Nash*, 118 Ala. 477. Such lack of jurisdiction over the subject-matter is fatal to the garnishment suit without regard to whether jurisdiction over the defendant is obtained.

In *Ala. Gt. Sou. R. R. Co. v. Chumley, supra*, Chumley brought suit in Alabama against the railroad company, which was an Alabama corporation, and it defended upon the ground that it had been compelled to pay the debt under garnishment process sued out in Tennessee, on a judgment which had there been ren-

dered against the defendant debtor on personal service of process. It was thus shown that the defendant in the garnishment suit had been duly brought into the Tennessee court, but notwithstanding, this court applied the principle of *Dooley's Case, supra,* and ruled that the attempted garnishment of a debt due by an Alabama corporation gave the foreign court no jurisdiction over the debt garnished or over the garnishee.

The authorities referred to are conclusive of the present case and compel a reversal of the judgment.

Though the appearance of Forrester & Son enabled the court to render judgment against them, it removed but one of the obstacles which had blocked the plaintiff's way to judgment against the garnishee, and left remaining the want of jurisdiction over the subject-matter of the garnishment.

The answer shows with sufficient certainty that the garnishee is not an Alabama corporation. In that respect it is similar to the answer in *Dooley's Case.* Whether the lack of an express negation of such fact would affect a plea to the jurisdiction if the point was made by special demurrer we need not decide.

Reversed and remanded.