# Planters Chemical & Oil Co. v. Waller &. Co., et al.

### Garnishment.

(Decided Feb. 4, 1909.  Rehearing denied April 6, 1909.
49 South. 89.)

1. *Garnishment; Property Subject; Money Due on Contract.*— Money in the hands of a third person due defendant in garnishment on a contract made with him is subject to attachment and garnishment under section 2940, Code 1907; the same being a demand upon which defendant could maintain debt or indebitatus assumpsit.

2. *Same; Situs of Debt.*—The courts of the state of the debtor, by reason of its control over its resident citizens, may under a statute authorizing it subject the debt to seizure within its borders, although ordinarily the situs of a debt is constructively with the creditor to whom it belongs.

3. *Same; Debt Due Non Resident.*—Money due a non resident on a contract made in this state with a resident corporation can be

attached and garnished in the hands of such corporation, under sections 525, Code 1896, and 2940, Code 1907.

4. *Same; Proceedings Against Non Resident.*—Where the proceeding was against a nonresident and legal notice by publication of the attachment and garnishment was given, but the defendant failed to appear generally, or to enter such appearance in defense of the suit, no personal judgment could be rendered against such non resident; yet, under such conditions, where the garnishee answered indebted to the defendant, it became the duty of the court to ascertain and declare the amount of the plaintiff's debt sought to be enforced by this action and to enter judgment condemning the money due the defendant from the garnishee and in the garnishee's hands, to the satisfaction of the debt.

APPEAL from Talladega City Court.

Heard before Hon. G. K. MILLER.

Assumpsit by the Planters, Chemical & Oil Co., against A. Waller & Co., and others, with writ of garnishment and attachment in aid of suit. From a judgment of dismissal plaintiffs appeal. Reversed and remanded.

CECIL BROWNE, for appellant.—The court erred in dismissing and dissolving the garnishee, dismissing the attachment and discharging the garnishee.—*L. & N. R. R. Co. v. Dooley,* 78 Ala. 524; *E. T. & G. Ry. Co. v. Kennedy,* 83 Ala. 642; *L. & N. R. R. Co. v. Steiner & Lobman,* 128 Ala. 253; *A. G. S. v. Chumley,* 92 Ala. 317; *L. & N. v. Nash,* 118 Ala. 477; *Penoyer v. Neff,* 95 U. S. 714; 15 Wall. 300; *G. & A. R. R. Co. v. Stollenwerck,* 122 Ala. 539; *Southern Ry. Co. v. Ward,* 123 Ala. 404; *DeArman v. Massey,* 44 South. 688.

WHITSON & HARRISON, for appellee.—Attachment and garnishment are statutory remedies given, governed and controlled by the statute.—*Pullman Palace Car Co. v. Harrison,* 122 Ala. 149; *White v. Simpson,* 107 Ala. 392. A court cannot condemn a debt to be sold.—*Jones v. Norris,* 2 Ala. 526; *Jones v. Crews,* 64 Ala. 368; *Levison v. Waggoner,* 76 Ala. 412; *Craft v. Summersell,* 93 Ala.

430; *Cottingham v. Greeley, Bond & Grocery Co.,* 129 Ala. 200. There can be no judgment rendered against the garnishee until a judgment against the principal defendant, and this must appear.—*Faulk v. Heard,* 31 Ala. 516; *Chambers v. Yarnell,* 37 Ala. 400; *Brake v. Curd Co.,* 102 Ala. 339; *Jones v. Maner,* 102 Ala. 676. A mere casting up or ascertainment of plaintiff's debt is not a judgment against the defendant.—*Baunerman v. Morrison,* 132 Ala. 638. There can be so personal judgment on substituted service.—*Exchange Nat. Bank v. Clements,* 109 Ala. 270; *Penoyer v. Neff,* 95 U. S. 714. As to the situs of the debt for the purpose of garnishment see— *Kress v. Porter,* 132 Ala. 577; *L. & N. v. Dooley,* 78 Ala. 524; *L. & N. v. Nash,* 118 Ala. 477. Counsel discuss the decisions of other courts bearing upon the question here presented.

DENSON, J.—Planters' Chemical & Oil Company, an Alabama corporation, with its home office at Talladega, Ala., commenced its action by attachment in the city court of Talladega, against A. Waller & Co., a Kentucky corporation, with its home office at Henderson, Ky., for the purpose of collecting a debt claimed to be due it by the defendant. The attachment was executed by summoning J. F. Hanks Company, an Alabama corporation, with home office at Talladega, Ala., to answer as garnishee. Code 1896; § 540. The garnishee answered indebtedness, in the sum of $545.54 on a contract made by it with the defendant in the city of Talladega, Ala. It appeared that proper publication of the attachment and levy thereof by garnishment was made as to the defendant (Code 1896, § 531.) Motions were made by both the defendant and garnishee, in the city court, to dissolve the garnishment and discharge the garnishee; the defendant limiting its appearance especially for this pur-

pose. The motions were predicated upon the ground that the defendant was a nonresident and no personal service was had upon it. Upon the hearing, the court granted the motions, and declined to enter judgment by default for the plaintiff, and, upon the plaintiff's declining to proceed further, dismissed the suit. Wherefore this appeal.

It is provided by our statute that suit can be commenced against a nonresident by attachment (Code 1896, § 525); and in respect to the execution or levy of attachments section 540 of the Code of 1896 (section 2940, Code of 1907) provides that they "may be levied on real estate, or on personal property of the defendant, or may be executed by summoning any person indebted to the defendant, or liable to him on a contract for the delivery of personal property, or on a contract payable in personal property, or a person having in his possession or under his control any money or effects belonging to the defendant. See, also, section 2175 of the Code of 1896. It cannot be questioned that the demand or debt disclosed by the garnishee's answer falls within the provisions of the statute above cited and set out. Indeed, it is a demand upon which the defendant might maintain debt or indebitatus assumpsit, and therefore ordinarily is such an one as may be reached by garnishment.— *Archer v. People's Bank,* 88 Ala. 249, 7 South. 53.

From the insistence here made by the appellee's counsel, it seems that the city court, in dismissing the garnishment, proceeded upon the theory that the situs of the debt, confessed by the answer as being due by the garnishee, was at the domicile of the defendant, and that the jurisdiction of the court to subject the debt due, by process of garnishment, should be measured by that fact, and therefore the court, in the case at bar, was without jurisdiction in the premises, notwithstanding the garni-

shee is a resident corporation and made the contract, by
which the debt accrued to the defendant, in the city of
Talladega, Ala. The exigencies of this case, we think, do
not require, nor are we disposed to enter into, an extend-
ed discussion of this theory. The following cases de-
cided by the Supreme Court of the United States may
be profitably consulted by those desirous of pursuing the
question.—*Harris v. Balk,* 198 U. S. 215, 25 Sup. Ct.
652, 49 L. Ed. 1023; *L. & N. R. R. Co. v. Deer,* 200 U. S.
176, 26 Sup. Ct. 207, 50 L. Ed. 426; *Chicago, R. I. &
P. Co. v. Sturm,* 174 U. S. 710, 17 Sup. Ct. 797, 43 L. Ed.
1144.

Assuming that, generally speaking, the situs of a debt
is constructively with the creditor to whom it belongs,
"yet it is within the competency of the sovereign of the
debtor, by reason of its control over its own resident cit-
izens, to pass laws subjecting the debt to seizure within
its territorial sovereignty." This, as we have seen from
the statute above quoted, Alabama has done.—*Reimers
v. Seatco Mfg. Co.,* 70 Fed. 573, 17 C. C. A. 228, 30 L. R.
A. 364, 37 U. S. App. 426; *Bragg v. Gaynor,* 85 Wis. 468,
55 N. W. 919, 21 L. R. A. 161; *Newland v. Circuit Judge,*
85 Mich. 151, 48 N. W. 544. In the case of *Harris v.
Balk, supra,* the Supreme Court of the United States
said: "If there be a law of the state providing for the
attachment of the debt, then, if the garnishee be found
in that state and process be personally served on him
therein, we think the court thereby acquires jurisdiction
over him, and can garnish the debt due from him to the
debtor of the plaintiff, and condemn it, provided the
garnishee could himself be sued by his creditor-in that
state. We do not see how the question of jurisdiction
vel non can properly be made to depend upon the so-
called original situs of the debt, or upon the character of
the stay of the garnishee, whether temporary or perma-

nent, in the state where the attachment is issued. Power over the person of the garnishee confers jurisdiction on the courts of the state where the writ issued. —*Chicago, etc., Co. v. Strum, supra.*" It is true that that case was one between individuals, but it will be borne in mind that the garnishee in the case in judgment is a resident corporation. Our statutes make ample provision for service of process on such corporation; and so the case in hand cannot, merely because the garnishee is a corporation, be made an exception to the principle laid down in the *Harris-Balk Case.*

But appellee's counsel insist that this court is fully committed to the doctrine that a state court cannot, in attachment proceedings, condemn a debt due by an Alabama corporation or a resident individual to a non-resident. Among the cases cited by counsel in support of the insistence are *L. & N. R. R. Co. v. Dooley,* 78 Ala. 524, *A. G. S. R. R. Co. v. Chumley,* 92 Ala. 317, 9 South. 238; *L. & N. R. R. Co. v. Steiner & Lobman,* 128 Ala. 353, 30 South. 741, and *L. & N. R. R. Co. v. Nash,* 118 Ala. 477, 23 South. 825, 41 L. R. A. 331, 72 Am. St. Rep. 181. In each of these cases the proposition involved was the service of an attachment upon a garnishee which was a nonresident of the state in which the suit was instituted. While it is true, in *Dooley's Case,* that the garnishee was doing business in the state where the attachment was issued, yet upon this point in that case this court said: "Our statute had made no provision for the service of process on a foreign corporation to reach a debt such as this was and is"—the only mode of service provided being in respect to "causes of action originating in this state, or on contracts entered into with reference to a subject-matter within this state." The *Chumley Case* was one where the plaintiff was a resident of Alabama, and the defendant an Alabama cor-

poration; and the debt due had been garnished in a Ten-nessee court and there subjected to payment of a debt due by Chumley to one of his creditors. It was shown that the debt between the plaintiff and the defendant was contracted and payable in Alabama. The court held that the Tennessee judgment was not binding here. In the *Nash Case*, the plaintiff was a resident of Ala-bama, and the defendant, a Kentucky corporation, was indebted to plaintiff for work and labor done in Ala-bama. The defendant set up, in bar of plaintiff's cause of action, a judgment against it in a garnishment pro-ceeding, at the suit of one of Nash's creditors in the state of Tennessee; notice to the defendant in that proceeding having been given by publication. In the case of *L. & N. R. R. Co. v. Steiner & Lobman,* the defendants were nonresidents and the garnishee was a nonresident corpo-ration. The garnishee answered indebtedness on a con-tract made and to be performed in the state of Florida, and set up the fact that it had been garnished in the courts of that state to subject the same indebtedness. The trial court held that the answer showed no sufficient reason why it should not proceed to judgment against the garnishee, and rendered judgment accordingly. This court, on appeal, reversed the judgment. From the opin-ion in the case (rendered by Sharpe, J.) it appears that the judgment of reversal was based upon the theory that the trial court had no jurisdiction of the subject-matter of the garnishment, first, because the contract by which the debt accrued was not made in this state, and was in no part to be performed in this state; and, second, the garnishee was a nonresident corporation.

The court entertains the opinion that these cases (properly understood and correctly interpreted) do not dominate the present case; but they do bring clearly in view the line of cleavage between them and that class of

cases where (as in the case in judgment) the garnishee resides in this state and the debt was contracted in this state, one or both. This view harmonizes with our statute, which provides for the attachment of debts due to nonresident defendants, and is, we think, fortified by other decisions of this court.—*East Tennessee, etc., Co. v. Kennedy,* 83 Ala. 462, 3 South. 852, 3 Am. St. Rep. 755; *G. & A. R. R. Co. v. Stollenwerck,* 122 Ala. 539, 25 South. 258. Our statute having made provision for the attachment of debts due to nonresident defendants, and the garnishee being a resident of the state, and process having been perfected upon it as required by law, and the defendant, although a nonresident corporation, having been, in accordance with our statutes in such cases made and provided, duly and legally notified by publication of the attachment and the execution thereof by garnishment, from these premises, and upon the foregoing considerations, it seems to us that it must follow, as a logical conclusion, that the city court obtained jurisdiction over the subject matter of the garnishment, and therefore committed reversible error in dismissing the garnishment and in discharging the garnishee.

The garnishee having answered indebtedness, and the defendant appearing not to defend the suit, then, under the rule as laid down in *Exchange National Bank v. Clements,* 109 Ala. 270, 280, 19 South. 814, the city court is vested with the power and jurisdiction (and it would be its duty) to proceed to ascertain and declare the amount of the plaintiff's debt sought to be enforced by the attachment, and to render a judgment condemning the debt due to the defendant by the garnishee, in the garnishee's hands. Of course, there can be no personal judgment without a general appearance on the part of the defendant. The judgment can go no further than a condemnation of the debt to the satisfaction of the

plaintiff's demand.—*De Armand v. Massey*, 151 Ala. 659, 44 South. 688; *Southern Railway Co. v. Ward*, 123 Ala. 404, 405, 26 South. 234, 82 Am. St. Rep. 129; *Kress v. Porter*, 132 Ala. 577, 31 South. 377.

The judgment of the city court will be reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL, SIMPSON, ANDERSON, and MAYFIELD, JJ., concur.

McCLELLAN, J.—I concur in the conclusion that the city court obtained jurisdiction to subject, by garnishment, the debt due the nonresident defendant to the payment of the plaintiff's demand. A full statement of the reasons for my concurrence will be found in *Shuttleworth & Co. v. Marx & Co.*, 159 Ala. 49 South. 83.

It seems to me that the majority, in this case, have not taken, in decision, the real question raised on this appeal, and that, in consequence, the attempted differentiation, as upon the facts appearing, of the *Dooley, Chumley,* and *Nash Cases,* will only result in uncertainty as to what is the real state of the law upon the question presented by this appeal. That the *Dooley, Chumley,* and *Nash Cases* affirm that the "situs of a debt, in the absence of stipulation to the contrary, is the domicile of the creditor," cannot be doubted even by the most casual reader of those decisions. Indeed, in the *Nash Case* Chief Justice Brickell devotes, additionally to express reference to and restatement of the holdings in the *Dooley* and *Chumley Cases,* many pages of discussion to the question of situs of a debt for purpose of acquiring jurisdiction of a nonresident creditor. If these announcements be pure dicta in those cases, a view not, in my opinion, supported by them, we should so state, that

these decisions may not, on the point under consideration, be hereafter used as authority for a conclusion immediately contrary to what is the effect of the holding in this case.

In the absence of voluntary appearance by or service upon a nonresident of this state there is but one method by which jurisdiction to render a valid binding judgment, dealing with his interests or rights, can be acquired, and that is that property of the nonresident is within the process power—jurisdiction—of a competent court of this state. Hence in this case the question is: Was the debt, due the defendant from the garnishee, property of the defendant within the process power of the city court, the garnishee being subject to the service thereof? If the situs of the debt was at the domicile of the nonresident defendant, as the *Dooley, Chumley* and *Nash Cases,* expressly hold, then the city court was without jurisdiction to condemn that debt to the satisfaction of plaintiff's demand, and hence to discharge the nonresident defendant's debtor, the garnishee.

Our statutes, referred to in the opinion of the majority, warrant the attachment by garnishment of debts due nonresidents, as well as residents, of this state; but this statutory status was, in substance, the same when the *Dooley, Chumley,* and *Nash Cases* were delivered here. Regardless of this fact, however, it cannot be that an enactment of this state can change the situs of property outside the state. This proposition is conclusively stated and maintained by Brickell, C. J., in *Nash Case,* 118 Ala. 482, 483, 23 South. 825, 41 L. R. A. 331, 72 Am. St. Rep. 181. In the *Shuttleworth-Marx Case* the writer has, at perhaps unnecessary length, reviewed the cases of *Harris v. Balk* and *C., R. I. & P. R. R. v. Sturm;* and under their influence the opinion is entertained that, if we enforce the doctrine of situs as declared in

[Cushman v. Commissioner's Court of Blount County.]

the *Dooley, Chumley,* and *Nash Cases,* and at the same time yield, as we must, to the authority of *Harris v. Balk,* two kinds of attachment law would prevail in this state.

I am unwilling to, in effect, close our courts to our own people, when under the "full faith and credit clause" of the federal constitution, our courts must yield obedience to judgments pronounced by other tribunals alone obtaining jurisdiction to subject a nonresident's property by garnishment served on his debtor; and this view is attained under necessity, as indicated, rather than upon assurance that the stated doctrine of the *Dooley, Chumley,* and *Nash Cases* is unsound. If in fact sound, the mentioned necessity still exists, and must it seems to me, work the departure from them that fairness to our courts and people dictates.