# Louisville & Nashville R. R. Co. *v.* McCarty.

### Assumpsit.

(Decided November 11, 1915. 70 South. 91.)

Garnishment; Non-Resident Debtor; Garnishee; Situs.—A debt due to a non-resident defendant by a non-resident corporation upon an obligation not made or to be performed in this state is not within the jurisdiction of the domestic court, and cannot be subjected to plaintiff's debt by judgment against the garnishee without personal service on the defendant debtor.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Assumpsit by W. C. McCarty against Robert Green, with garnishment in aid thereof upon the Louisville & Nashville Railroad Company. Judgment for plaintiff, and the garnishee appeals. Reversed, and judgment rendered discharging the garnishee.

The action was on a promissory note, with a writ of garnishment to the Louisville & Nashville Railroad Company in aid of the suit. There was no personal service had on defendant, and on the answer of the garnishee, judgment was rendered for plaintiff for the amount admitted to have been due defendant when the writ of garnishment was served. All the facts material to the appeal are shown by the answer of the garnishee, which is as follows: Now comes the garnishee, in the above-entitled cause by R. S. Robinson, the timekeeper of said railroad company, who, being duly sworn, deposes and says that he is the duly authorized agent of the garnishee to make this answer,

[Louisville & Nashville R. R. Co. v. McCarty.]

and that he has knowledge of the facts stated herein, and for answer to the writ of garnishment served upon said corporation, upon oath says: Robert S. Green earned $79.43, at Louisville, Ky., during October, 1912, and that at the time of the service of said writ of garnishment, said garnishee was indebted to defendant in said sum, but which said sums was due on an agreement made and to be in every part performed in the state of Kentucky. Said garnishee was not at said time otherwise indebted to said defendant in any sum whatsoever; that there existed at said time no contract made, or to be in any part performed in the state of Alabama, by which said garnishee would become indebted to said defendant; nor did said garnishee at said time have in its possession or under its control any personal or real property or thing in action belonging to said defendant. And said garnishee further answers that it is a foreign corporation, organized and existing under the laws of the state of Kentucky; that said defendant was at said time, and is still, a nonresident of the state of Alabama, and the records of this cause do not show that he has been personally served with notice of any of the proceedings in said cause, and since the service of said writ, said garnishee has paid said defendant the above-mentioned sum in which it was indebted to him at the time of the service of said writ of garnishment. Wherefore said garnishee denies the jurisdiction of this court over the subject-matter of said garnishment, and prays that said garnishee be discharged, with its reasonable costs in this behalf expended.

TILLMAN, BRADLEY & MORROW, and ROY M. STERN, for appellant. D. D. TRIMBLE, for appellee.

SOMERVILLE, J.—The decisions of this court commit us irrevocably to the principle that a debt due to a nonresident defendant, by a nonresident corporation, for an obligation neither made nor to be performed in this state, is not within the jurisdiction of domestic courts, and, without personal service on the defendant debtor, cannot be subjected to the plaintiff's debt by judgment against the garnishee corporation.—*L. & N. R. R. Co. v. Dooley*, 78 Ala. 524; *A. G. S. R. R. Co. v. Chumley*, 92 Ala. 317, 9 South. 286; *L. & N. R. R. Co. v. Nash*, 118 Ala. 477, 23 South. 825, 41 L. R. A. 331, 72 Am. St. Rep. 181; *Shuttle-*

[Crandall-Pettee Co. v. Jebeles & Colias Conf. Company.]

*worth v. Marx,* 159 Ala. 418, 49 South. 83; *Planters' C. & O. Co. v. Waller,* 160 Ala. 217, 49 South. 89, 135 Am. St. Rep. 93.

We are especially referred by appellee to the decisions of the Supreme Court of the United States, which have declared a contrary rule (among them *Harris v. Balk,* 198 U. S. 215, 25 Sup. Ct. 625, 49 L. Ed. 1023, 3 Ann. Cas. 1084, and *L. & N. R. R. Co. v. Deer,* 200 U. S. 176, 26 Sup. Ct. 207, 50 L. Ed. 426), and are now urged to depart from our own decisions, and follow the rule declared by the federal court, and approved—it must be conceded—by many American courts.

All of the considerations now urged in this behalf have been heretofore presented to this court and deliberately disapproved. ⊢—*Planters' C. & O. Co. v. Waller,* 160 Ala. 217, 49 South. 89, 135 Am. St. Rep. 93. See, especially, the dissenting opinion of McCLELLAN, J., in that case.

We are not pursuaded that the rule declared and repeatedly approved by this court is wrong, and we are therefore unwilling to overrule our previous decisions on this subject.

It results that the trial court erred in rendering judgment against the garnishee on the uncontested facts exhibited by its answer. That judgment will be reversed, and a judgment will be here rendered discharging the garnishee, the appellant herein.

Reversed and rendered.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.