# Kress *v.* Porter.

*Attachment against Non-resident on Demand Sounding
in Damages Merely.*

[Decided January 23, 1902.]

1. *Attachment against non-resident on cause of action sounding in
   damages merely; where returnable; jurisdiction.*—An attach-
   ment issued against a non-resident on a cause of action
   sounding in damages merely should be made returnable to a
   court of the county in which the cause of action arose and
   where the property levied on is situated, where there is no
   personal service on, or appearance by, the defendant, and is
   not properly returnable to a court of the county in which the
   plaintiff resides. (Construing sections 524, 526, 529 and 4206
   of Code.)
2. *Attachment suit; jurisdiction; situs of property.*—The situs of
   property levied on determines the jurisdiction of an attach-
   ment suit against a non-resident, where there is no personal
   service or appearance by defendant.

s37

[Kress v. Porter.]

APPEAL from Clarke Circuit Court.
Tried before Hon. JOHN C. ANDERSON.
The opinion states the facts.

L. H. & E. W. FAITH, for appellant, cited Pennoyer
v. Neff, 95 U. S. 714; Freeman v. Anderson, 119 U. S.
188; L. & N. R. R. Co. v. Nash, 118 Ala. 483; Steen v.
Swadley, 126 Ala. 616; Smith v. Gibson, 83 Ala. 284;
McPhillips v. Hubbard, 97 Ala. 513; Hinman v. Rush-
more, 27 Ill. 508; Fuller v. Langford, 31 Ill. 248; 4 La.
Ann. Rep. 584; 1 Shinn on Attachments, § 193; Rull-
man v. Hulse, 32 Kas. 598; s. c. 33 Kas. 670; 3 Ency.
Pl. & Pr., 53; Carter v. Arbuthnot, 62 Mo. 582; Brown
on Att., § 39; Puterbaugh's Pl. & Pr., 622; 43 Ill. 185;
Pullman Palace Car Co. v. Harrison, 122 Ala. 158;
Wilmerding v. Corbin Banking Co., 126 Ala. 268; United
States v. Crawford, 47 Fed. Rep. 561; 19 Ency. Pl. &
Pr., 603, 604; 35 Fla. 619; 2 Ark. 501.

W. D. DUNN and McINTOSH & RICH, contra, cited
Code, §§ 526, 544, 536, 4205; McPhillips v. Hubbard,
97 Ala. 513.

HARALSON, J.—The action was commenced by at-
tachment at the suit of the appellee, H. O. Porter, a res-
ident of Clarke county, Alabama, against Samuel H.
Kress, for cause that said Kress was a non-resident of
the State of Alabama, the attachment being founded on
a demand sounding in damages merely, the complaint
claiming $1,950 damages for unlawfully causing the
plaintiff to be arrested and imprisoned in the city of
Mobile, on a charge of petit larceny, on the 18th Decem-
ber, 1900.

The defendant resided in New York, and carried on a
large retail store in Mobile, Alabama, through an agent,
P. J. Banning, who, it is alleged, sued out the warrant
of arrest, in the absence of defendant, and in his inter-
est.

The plaintiff came to Mobile and went before Hon.
William S. Anderson, the judge of the 13th judicial cir-

cuit, composed of Mobile and other counties, and made affidavits for attachment required by sections 526 and 529 of the Code, whereupon said judge issued a writ of attachment, without bond, directed to any sheriff of the State, to be levied on the property of defendant for the satisfaction of plaintiff's "debt," and made the same returnable to the circuit court of Clarke county, where the plaintiff resided, which county was not one of the counties composing the 13th judicial circuit, but was one of those composing the 1st judicial circuit of the State.

The writ was placed in the hands of the sheriff of Mobile county on the 2nd of February, 1901, and was, on the same day, levied by him on all the goods, wares and merchandise in the store of said Kress in Mobile, and he filed the same with the clerk of the circuit court of Clarke county.

The defendant by counsel appearing in the circuit court of Clarke county, specially for the purpose, pleaded to the jurisdiction of that court, to maintain and try said cause on grounds (1) that the supposed cause of action accrued to the plaintiff out of the jurisdiction of said circuit court and in the county of Mobile and not in the county of Clarke, or elsewhere in the jurisdiction of said court. (2) That defendant was a non-resident of Alabama, and resided in the State of New York; that he had never been served personally with process in this cause; that the only process issued in the cause was a writ of attachment issued by the Hon. Wm. S. Anderson, judge of the 13th judicial circuit of Alabama, which writ was delivered to the sheriff of Mobile county by plaintiff, and was by said sheriff levied upon the property of defendant in Mobile county; that no writ of attachment had been levied upon any property of defendant in the county of Clarke; that said supposed cause of action for which plaintiff sued, arose in Mobile and not in the county of Clarke, and defendant has not appeared in this cause.

The plaintiff demurred to the 1st plea on grounds that it fails to state any facts showing that said cause of action is triable only in Mobile county, or that said

cause of action is local in character. To the 2nd, because it showed that the suit was instituted by attachment, and 3rd, because said plea fails to show that defendant has not appeared in said cause.

The question for decision presented by these pleas and the demurrers thereto is,—Where a non-resident was sued in tort by attachment, and there was no personal service on, and no voluntary appearance by him, and the judge issuing the writ, made it returnable to Clarke county, and the same was levied in Mobile county, did the circuit court of Clarke county, there being no levy in that county, acquire jurisdiction of the suit by virtue of the levy of the writ in the county of Mobile?

This attachment and the jurisdiction of the circuit court of Clarke county to adjudicate the cause, is sought to be maintained under section 526 of the Code, which provides that in the third and fourth cases (of section 524, which are "3. To recover damages for a breach of contract, when the damages are not certain and liquidated. 4. When the action sounds in damages merely"), the writ may be issued "only by a judge of the circuit court, judge of probate, or chancellor, returnable to any county." It is not disputed, that if the circuit court had authority under this section to issue the writ returnable to Clarke county, to be there levied on property of defendant in that county, if he had any there subject to levy, and if there levied, the circuit court of that county would have acquired jurisdiction to try the cause and condemn the property levied on to sale for the payment of the demand of plaintiff, if the issues were found in his favor.

In *Exchange N. Bank v. Clement*, 109 Ala. 270, after elaborate review of our former decisions on the subject, and those of the Supreme Court of the United States, it was said: "We are constrained, in view of the decisions of the Supreme Court of the United States, to depart from the theory of an attachment which has prevailed [that an attachment partook essentially of a proceeding *in personam* and not of a proceeding *in rem*]. These decisions [of the United States Supreme Court] declare,

that as to non-residents of the State, the jurisdiction of the court attaches only because of the power of the State over all property within its territory, and beyond binding and affecting the property attached, or the effects garnished, the jurisdiction of the court cannot extend, if there be not a personal appearance of the defendant. Of consequence, in such case, an attachment is a proceeding in the nature of a proceeding *in rem,* rather 'than that of a proceeding *in personam.*" So it was there held that a judgment by default rendered in such a case is of no force or effect against the defendant, except in respect of his interest in property on which the attachment was levied.—*Soulard v. Vacuum Oil Co.,* 109 Ala. 387; *L. & N. R. R. Co. v. Nash,* 118 Ala. 483-4; 3 Ency. Pl. & Pr., 185.

For jurisdictional purposes, therefore, the property of a non-resident defendant, who has not been served, or who has not appeared, it seems that the property itself levied on stands in the place of service, to the extent of the levy, for its condemnation to sale, and no further. Being in the nature of a proceeding *in rem,* it would appear that the *situs* of the property would determine the jurisdiction of the court to entertain attachment proceedings for its condemnation, there being nothing in the statutes of the State to the contrary. This is in keeping with the policy of our law as to the venue of actions. Code, section 4205, while it does not apply to suits commenced by attachment, may be referred to as showing the policy of the law as to the venue in attachment suits. It provides that all actions on contracts, except as otherwise provided, must be brought in the county in which the defendant, or one of the defendants, resides, if he has a permanent residence in the State; that all other personal actions, if the defendant, or one of defendants, has within the State a permanent residence, may be brought in the county of such residence, or in the county in which the act or omission complained of may have been done, or may have occurred; and all actions for the recovery of land, or of the possession thereof, or for trespass thereto, must be brought in the county where the land lies, and a summons issu-

ing contrary to these provisions must be abated on the plea of defendant.

In *McPhillips v. Hubbard,* 97 Ala. 513, the court indulged an expression, which would at once occur to the judicial mind, as sound, although the necessities of the case may not have called for all that was said, viz. : "It has been long and uniformly held that actions commenced by attachment are not within the requirement of section 2640 of the Code [of 1886; 4205 of Code of 1896] to the effect that such suits on contracts 'must be brought in the county in which the defendant, or one of the defendants, resides, if such defendant has within the State a permanent residence,' but that such actions may be instituted in any county in which a levy may be made."

Attachments were unknown at common law, and are the creation wholly of statute. In Brown on Jurisdiction, section 39, the author states that "In transitory actions the venue should generally be laid in the county where the defendant is found; but this rule is not universal. It may be regulated by statute. In actions in which atachments are issued, or other proceedings where the property of the defendant, who is a non-resident is sequestered, the proceeding should be brought where the property is seized."

Shinn, in his work on attachments, upon the same subject, observing that in so far as the ordinary action of attachment is personal seeking a personal judgment on service or appearance against defendant, it is transitory, and that in so far as it is an action *in rem* it is a local action, says : "In other words, being a personal action it may be begun wherever service can be had upon the defendant; and being an action *in rem,* the seizure must be made on a writ issuing from a court having jurisdiction of the *res.* Where there is no personal service, it must be prosecuted where the property is situate on which the action is founded."—1 Shinn on Attachments, § 193; *Robinson v. The National Bank,* 81 N. Y: 391; *Favrot v. Delle Piane,* 4 La. Ann. 586.

When our statute prescribes that an attachment of the class this one is, may be issued "only by a judge of

the circuit court, judge of probate,or chancellor, returnable to any county," it does not mean that it may be returnable to any county according to the arbitrary will or caprice of the officer issuing it. Jurisdiction in such case would be made to depend upon the vacillating discretion of judicial officers, whereas, if determined by the *situs* of the property levied on, it becomes fixed, reasonable and just. If the location of the property does not determine the jurisdiction, the judge may as well have made the writ returnable to any other county in the State, however remote or near, that he chose to make it returnable, as to Clarke county, the home of the plaintiff, whose residence had nothing to do as a factor in determining jurisdiction. Mobile county being the one where the cause of action arose, and where the property levied on was located, the writ should have been returned to that county, and the burden and expense of the trial not imposed on another county.

If it be conceded that the 1st plea was faulty, as suggested by the demurrer to it, the 2nd plea was of the same character and contained all that the first one did, but with a full and sufficient statement of facts, the demurrer to which should have been overruled.

It is unnecessary to consider any other question raised on the record, and this conclusion must dispose of the case.

The main judgment below will be reversed, and the one there rendered sustaining plaintiff's demurrers to defendant's pleas in abatement, will also be reversed, and one here rendered overruling the demurrers to said pleas, and the cause is remanded.

Reversed, rendered and remanded.