# Southern Timber & Investment Co. v. English Manufacturing Co.

## Attachment.

### (Decided Dec. 19, 1907. 45 So. Rep. 206.)

*Attachment; Judgment; Process to Sustain.*—Where no personal service is shown and an appearance is not entered, and the judgment entry fails to recite publication of the notice of the levy of attachment, the defendant being a non-resident, no jurisdiction is shown to render judgment condemning the property attached; and an ex parte affidavit showing publication of notice, copied into the record, cannot supply the statement of jurisdictional facts necessary to be set out in the judgment.

APPEAL from Clarke Circuit Court.

Heard before Hon. John T. LACKLAND.

Action by the English Manufacturing Company against the Southern Timber & Investment Company. From a judgment in favor of plaintiff, defendant appeals. Reversed and remanded.

The facts in this case are in all respects similar to those stated in *Southern Timber & Investment Company v. Poe,* 153 Ala. , 45 South. 205.

WILLIAM D. DUNN, for appellant. Notice being constructed with facts constituting compliance with the statute must be shown to and found by the court, and the record must disclose.—*Meyer & Co. v. Keith,* 99 Ala. 519; *Diston v. Hood,* 83 Ala. 331; *Dowe v. Whitman,* 36 Ala. 604. There can be no personal judgment by default against a nonresident in an attachment on statutory notice.—*Bank v. Clements,* 109 Ala. 270; *Wilmerding v. Corbin Banking Co.,* 126 Ala. 268.

[Southern Timber & Investment Co. v. English Manufacturing Co.]

GUNN & TUCKER, for appellee. No brief came to the Reporter.

SIMPSON, J.—This was a suit by attachment by the appellee against the appellant, which is shown to be a foreign corporation. The judgment does not show any personal service on the defendant, nor any appearance; nor does it show that any jurisdiction to condemn the property attached was acquired by publication according to the statute. The ex parte affidavit which is copied in the record cannot supply the statement of jurisdictional facts which should appear in the judgment entry.—*Ditson & Sons v. Hood,* 83 Ala. 331, 3 South. 746; *V. & A. Meyer & Co. v. Keith,* 99 Ala. 519, 13 South. 500; *Wilmerding v. The Corbin Banking Co.,* 126 Ala. 268, 28 South. 640; *Southern Ry. Co. v. Ward,* 123 Ala. 400, 26 South. 234, 82 Am. St. Rep. 129. As to the form and effect of such judgment, see *Exchange Nat. Bank of Spokane v. Clements,* 109 Ala. 270, 19 South. 814; *Soulard v. Vacuum Oil Co.,* 109 Ala. 387, 19 South. 414; *Kress v. Porter,* 132 Ala. 580, 581, 31 South. 377.

The judgment not disclosing the facts necessary to confer the jurisdiction on the court, the judgment of the court is reversed, and the cause remanded.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.