## G. H. Becker, Appellee, v. Illinois Central Railroad Company, Appellant.

1. COMITY—*when judgment of court of sister state will be disregarded.* The "public acts" of this state are of as much dignity as the judicial proceedings of any other state and if the laws of this state create obligations between its own citizens such obligations are supreme and will not in effect be nullified unless they are in contravention of the organic law. A judgment of a sister state will be disregarded if to enforce and recognize such judgment would in effect nullify the obligations imposed by law in this state between citizens thereof.

2. GARNISHMENT—*when exemption enforced in favor of debtor.* If an action in attachment has been instituted in another state and the employer served therein as garnishee, such employer, under

the statute of this state, upon due demand made by the employe for his exempt wages, must recognize such demand and pay the exempt wages regardless of apprehension that judgment notwithstanding payment will be rendered against it in the sister state.

3. EXEMPTIONS—*when incident of debt.* Where the creditor, debtor and garnishee, are all residents and doing business in the same state, and both debts are created and intended to be payable in that state, the exemption of wages is such an incident and condition of the debt from the employer, that it will follow the debt, if the debt follows the person of the garnishee into another state, and attach itself to every process of collection in any state unless jurisdiction is obtained over the person of the debtor; that it becomes a vested right *in rem* which follows the debt into any jurisdiction where the debt may be considered as going.

Action commenced before justice of the peace. Appeal from the Circuit Court of Marion county; the Hon. J. C. McBRIDE, Judge, presiding. Heard in this court at the March term, 1910. Affirmed. Opinion filed November 12, 1910.

W. W. BARR and CHARLES E. FEIRICH, for appellant; W. S. HORTON, of counsel.

C. F. DEW and A. D. RODENBERG, for appellee.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

This case originated before a justice of the peace. In the trial in the Circuit Court on appeal, a jury was waived and the court found the issues for appellee and rendered a judgment against appellant for the sum of $43.56.

No controversy arises upon the facts. Appellee was a citizen of and resided in Illinois and had been employed as a brakeman by appellant on its line between Centralia and Mounds. He was the head of a family residing with the same. On July 17, 1909, he applied for payment of his wages then due, and payment was refused on the ground that a garnishment summons had been served on appellant. Upon refusal of appellant to pay, appellee on the same day delivered to appellant his affidavit, that he was the head of a family residing with the same and demanding the payment of

his wages exempt by law. The sum demanded by appellee was for the wages due him for work during the months of June and July and was less than his legal exemptions.

The defense interposed by appellant and as disclosed by the evidence shows that a firm of the name of De-Bower, Chaplin & Co., of Chicago, Illinois, had an account against appellee amounting to $32 which it had assigned to one Miller of Kansas City, Missouri. On July 9, 1909, Miller began a suit in attachment against appellee before a justice of the peace in Kansas City and summoned the appellant as garnishee. The service of the summons was had on appellant on July 10th and on July 22nd, appellant by sworn answer, answered that it was a railroad corporation organized under the laws of the State of Illinois; that at the time of the service of the summons it owed appellee $56.72; that by the laws of Missouri the court had no jurisdiction of the cause; that appellee was a resident of the State of Illinois, the head of a family residing with the same; claimed for him the benefit of the exemption laws of the State of Illinois, and prayed to be dismissed. On August 20th, the justice overruled the motion to dismiss, denied the claim for exemptions, and rendered a judgment against appellant in garnishment for the sum claimed and costs, which was paid by appellant.

Appellant, appellee and DeBower, Chaplin & Co. were all residents of this state in which the wages were earned, and appellee was never in the State of Missouri, and there was no personal service upon him in the garnishment proceeding and no actual notice to him except, that when he went to get his wages, he was informed by appellant they had been garnisheed.

The transcript of the proceedings at Kansas City shows constructive service upon appellee there, by posting notices in conformity with the laws of Missouri, and upon an examination of the transcript we are of opinion that the steps taken in the garnishment proceeding substantially conform to the formalities of the Missouri Statutes.

Section 14, chapter 62, Revised Statutes of Illinois, provides: "The wages for services of a wage earner who is the head of a family and residing with the same to the amount of fifteen dollars per week shall be exempt from garnishment. All above the sum of fifteen dollars per week shall be liable to garnishment. Every employer shall pay to such wage earner such exempt wages not to exceed the sum of fifteen dollars per week of each week's wages earned by him when due upon such wage earner making and delivering to his employer his affidavit that he is such head of the family residing with the same, notwithstanding the service of any writ of garnishment upon such employer, and the surplus only above such exempt wages shall be held by such employer to abide the event of the garnishment suit."

Many cases have arisen in which creditors and pretended creditors have sought to escape the provisions of the exemption laws of one state by process of attachment and garnishment of the wage earners' wages in another state, and where the courts of the other state generally of inferior jurisdiction, have refused to give any force or effect to the exemption laws of the state where the wages were earned and where the wage earner lived, and have sometimes ignorantly or corruptly refused to observe the plain provisions of the statutes of the state where the proceedings were instituted. The debtors subject to garnishment in such cases have as a rule been railroad companies operating in two or more states. The attaching creditor in the foreign state secures his judgment in garnishment, and when the wage earner attempts the recovery of his wages it is sought to escape payment by invoking the clause of the Federal Constitution which provides, that "Full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state;" and the question presented is, can this clause be interposed as a defense here.

At the time appellee demanded his wages and filed his affidavit required by the statute above quoted, there

was no judgment against appellant, but there had been a summons served upon it. When appellee made the demand, the statute required appellant to pay the wages due and exempt notwithstanding the garnishment. The courts of this state will not abrogate its own laws out of consideration for the proceedings in courts of other states.

Its laws creating obligations between its own citizens are supreme within its jurisdiction and will not in effect be nullified unless they are in contravention of the organic law. The statute requiring appellant to pay notwithstanding the garnishment proceeding fixed its obligation to pay them, which was not and could not be changed by any subsequent judgment against it. If the plain provisions of the statute are to be regarded, it is the duty of the employer to pay when the proper demand is made for exempt wages, and to interpose its defense in the foreign state setting up all the facts of the exemption and its enforced obedience to the laws of this state, and it is not to be assumed the courts of the foreign state will refuse to give full faith and credit to the ''public acts'' of this state. The ''public acts'' of this state are of as much dignity as the judicial proceedings of any other state.

The mischief sought to be remedied by the statute was to protect the wage earners of this state whose employers operated in several states from having their exempt wages taken from them by garnishment process. The wage earner was helpless to protect himself in the proceeding in another state, He could not attend the trial far distant from his home to defend against dishonest and fraudulent claims against him or to claim his exemptions and the Legislature wisely enacted the statute requiring the employer to pay him his exempt wages on demand, and casting the burden upon the employer to make its defense in the state where by exercising its franchise it subjects itself to the process of garnishment, and where its employee does not reside and is unable to defend.

It is no answer to the obligation imposed by the statute on the employer when the wages are demanded, that by an apprehended judgment of a court. of a foreign state it may be compelled in garnishment proceedings to pay it again. The burden is upon it to pay at once on demand, and to make its defense in the foreign courts. It was no defense that at the time the exempt wages were demanded, garnishment proceedings were pending and that subsequently there was a judgment against appellant.

There is another reason why it was no defense. "Where the creditor, debtor and garnishee, are all residents and doing business in the same state, and both debts are created and intended to be payable in that state, the exemption of wages in such an incident and condition of the debt from the employer, that it will follow the debt, if the debt follows the person of the garnishee into another state, and attach itself to every process of collection in any state unless jurisdiction is obtained over the person of the debtor; that it becomes a vested right *in rem* which follows the debt into any jurisdiction where the debt may be considered as going." Drake v. L. S. & M. S. Ry. Co., 69 Mich. 168; B. & O. S. W. R. R. Co. v. McDonald, 112 Ill. App. 391, and cases cited.

While the foregoing principle may be regarded as something of a refinement of reasoning, it is announced by very respectable authority and approved by this court in the McDonald case, *supra*.

"The exemption of wages by the law of the state in which is the residence of both debtor and creditor and the place where the wages are payable, cannot be defeated by garnishment pending in another state although the debtor is a railroad corporation which has a residence also in such other state." Ill. Cent. R. R. Co. v. Smith, 70 Miss. 344.

We are aware there is an irreconcilable conflict of decisions in garnishment proceedings where the debtor

is a non-resident, and not personally within the jurisdiction of the court, and it would be vain to attempt to reconcile them or to comment upon them, but in the light of our statute which is a beneficent one, and under the facts of this case, we believe the view expressed in this opinion is a correct interpretation of the statute, and that the clause of the federal constitution above quoted cannot be invoked to nullify a statute fixing the rights and obligations between citizens of this state.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*